ELLIS, Judge.
This suit involves an appeal by the City of Baton Rouge from a judgment of the District Court of the Parish of East Baton Rouge affirming a decision of the Board of Tax Appeals which ordered the City of Baton Rouge to issue to the plaintiff-applicant “a permit to sell beer and other beverages of low alcoholic content as defined by law for the year 1952”.
After consideration of the issues presented -by the record and the arguments of counsel as contended in their briefs and the written opinion of the learned Judge of the District iCourt, and being of the opinion that he has reached the proper conclusion after a thorough analysis of the issues presented, we hereby adopt his opinion which is as follows:
“This case is here on appeal from a decision of the State Board of Tax Appeals.
“On November 5, 1951, Appellee, Marino, applied to the City Council of Baton Rouge for a permit to sell beer at retail for the year 1952 at a place on Foster Drive near the northeast corner of Winbourne Street in the City of Baton Rouge, Louisiana.
“The application was made in the manner required by the City and it was denied on December 19, 1961, for the reason that the proposed place of business is within ‘the prohibited distance’ of the Winbourne Baptist Church.
“The City ordinance upon which the said permit was refused reads in part as follows:
“ ‘No permit shall be granted hereunder to any applicant * * * when the premises in which the business is to be conducted is situated within 500 feet of a building used exclusively as a regular church or synagogue, public library, public playground, a school or orphans home (except a school for business education conducted as a business college or school) as measured in accordance with the provisions of subsection (j) of Section 2 of Act 2 of the Extra-ordinary Session of the Louisiana Legislature of 1933, as amended. ([LSA-] R.S. 26:279)’
“The applicant feeling aggrieved at the decision of the Council appealed to the Board of Tax Appeals, which Board in a well written opinion reversed the action of the City Council and ordered the City to issue to the applicant ‘a permit to sell beer and other beverages of low alcoholic content as defined by law for the year 1952.’
“From this decision the City appealed to this Court.
*590 “Appellee filed a motion to dismiss the appeal on the ground that the City-failed to furnish an appeal bond. This motion was overruled for the reason that the City is by law relieved of such requirement. See LSA-R.S. 13:4521, 13:4581, 26:302; and the case of Westwego Canal & Terminal Company v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389.
“The City, contending that the Collector of Revenue of the State was a necessary party defendant, filed an exception, of non-joinder as this officer was not made a party to the proceedings before the Board of Tax Appeal. Reserving its ruling on the exception, the Court ordered that the trial of the case proceed. Thereafter, the case was submitted on briefs to be filed by counsel.
“Before the case could be decided, counsel for appellee, with the consent of the court, filed a supplemental answer, setting forth that the Collector of Revenue, in compliance with the ruling of the Board of Tax Appeals had issued to applicant a permit to sell beer at the location named. This, it is claimed, was an acquiescence by the Collector of Revenue with the Board of Tax Appeals, hence, even if this official ever was a necessary party to the proceedings such necessity no longer existed. Counsel for the City filed a motion to strike this supplemental answer from the record as it was not timely filed. Being of the opinion that it was within the Court’s discretion to allow the filing thereof and to prevent a multiplicity of suits, the motion to strike was overruled. Thereafter, ap-pellee offered in evidence the written permit issued by the Collector of Revenue. In these circumstances, I am of the opinion that even though the Collector of Revenue was a necessary party to the proceedings it was no longer necessary that he be made such party in view of the acquiescence with the order of the Board of Tax Appeals. True, the order was not issued to him, ■but his recognition thereof strongly indicates his agreement with the decision of the Board and a waiver of any right which he may have had to be made a party to the proceedings.
“At best, ll think that under the circumstances, the City was without right to complain of the failure to make the Collector a party defendant.
“The exception of non-joinder is therefore overruled.