On Rehearing
LOTTINGER, Judge.
This matter is before us on rehearing from our judgment rendered herein on November 14, 1960. This rehearing was limited to two specific points, namely: (1) To the question as to what constitutes the word “premises” and (2) as to the correct measurement from the school building. The main question to be decided is as to the manner of measurement which is to be employed in determining the distance as set forth under the municipal ordinance of the City of Plaquemine, as well as those set forth in LSA-R.S. 26:80, and LSA-R.S. 26:280, all of which are quoted at length in our original opinion. In the original opinion rendered in this matter we held that the measurement should he made from building to building, i. e. from the school building to the building wherein a permit is sought to sell alcoholic beverages. Our decision therein was based upon the ruling as set forth by this Court in Marino v. City of Baton Rouge, La.App.1952, 61 So.2d 588.
However, upon reconsideration, we have determined that the proper manner of measurement is as set forth in the provisions of LSA-R.S. 26:80 and LSA-R.S. 26:280, as interpreted by the Supreme Court in Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341. The remaining legal portion of the ordinance of the City of Plaquemine is almost of parallel wording to that of the above mentioned statutes. In Subsection C, of LSA-R.S. 26:80, we find the provision :
“In municipalities the prohibition may not extend more than three hundred feet from the church, synagogue, library, school, or playground. The-measurement of this distance shall be-made as a person walks using the middle of the sidewalk from the nearest-point of the property line of the church or synagogue, library, playground, or school to the nearest point of the: premises to be licensed.”
In both LSA-R.S. 26:80, and LSA-R.S. 26:280, we find the verbiage that the distance shall be measured “from the nearest point of the property line of the church or synagogue, library, playground, or school to> the nearest point of the premises to be licensed.” According to this wording, and: the clear intention of the statutes and the-ordinance under consideration, we feel that, under the facts set forth in this suit, the-distance shall be measured as a person, walks using the middle of the sidewalk from the nearest point of the property line-of the school to the nearest point of the-premises wherein liquor is to be sold. This, distance in the instant case is well within the prohibited 300 feet.
In Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341, 349, the Supreme Court considered a factual situation, which is strikingly similar to the one presently before us. The premises to be licensed was in the near vicinity of church property. The back line of the lot (upon which the premises sought to be licensed was situated) was 207 feet from the property line of the church property. The building in which the licensed business was to-operate was 407 feet from the property line of the church property. In interpreting the provisions of LSA-R.S. 26:280, Subsection C, the Court said:
“The use of the property line of the church, school, et cetera, is in our opinion, an obvious attempt by the Legis *887 lature to permit the removal from the area occupied by such institutions, including their yards and grounds, those activities which are undesirable and which may be associated with establishments selling alcoholic beverages. It is felt, therefore, that insofar as the measurement at the church, school, et cetera, is concerned it must be made from the point nearest the sidwalk of its outer boundary or property line in which the usual and ordinary activities incident to such an institution are carried on. With respect to the other point of measurement, the premises to be licensed, was it the legislative intent to designate the building, structure, or area, or, in a proper case, the portion thereof in which beverages of low alcoholic content were sold or the property line, or outer boundary? No plausible reason occurs to us and none has been advanced such as exists in the case of a church, et cetera, to make the measurement from the property line or outer boundary of the land on which a building, structure or area selling alcoholic beverages is located merely because it is located thereon. Especially is this true when we consider, as in the case at bar, that there may be some appreciable distance intervening between the property line or outer boundary and the actual building, structure or area whereon the activity which is sought to be removed from the church, et cetera, is carried on. It is not necessarily true that the property line of the lot on which the building, structure, or area selling alcoholic beverages is the location whose proximity is in question; rather, it is the building or structure where the alcoholic beverage is sold which is the location contemplated; whereas, in the case of a church or school the lot itself used by that institution is sought to be protected from proximity to the liquor establishment. The lot on which a building selling alcoholic beverages is lo-catea is not necessarily used in connection with that activity, or, in other words, is not necessarily a portion of the 'premises to he licensed'." Italics ours.
Considering the above, we feel that the ruling as set forth in the Marino case, insofar as the manner of measurement is concerned, is erroneous, and same is hereby overruled.
For the reasons hereinabove set forth, our original judgment is hereby set aside, and there is judgment herein affirming the decision of the Lower Court, all costs of this appeal to be paid by petitioner.
Judgment affirmed.
LANDRY J., recused.