Lamont DAVIDSON, Plaintiff,

v.

W. E. LOVETT, Jr., Manning Youngblood, and Aurice Harden, Individually, and as Members of the Board of Commissioners of Laurens County, Georgia, and Laurens County, Georgia, Defendants.

No. CV378-2.

United States District Court, S. D. Georgia, Dublin Division.

March 24, 1978.

James V. Hilburn, Dublin, Ga., for plaintiff.

Leon Green, Dublin, Ga., for defendants.

## FINAL ORDER

LAWRENCE, District Judge.

In this action plaintiff seeks mandatory injunctive relief to compel the defendant County Commissioners of Laurens County, Georgia, to grant him a retail license for the sale of beer and wine, for off-premises consumption, at his Kwik Service store on Georgia Highway 80. He seeks a declaration that he is entitled to a permit.

Jurisdiction is predicated on 28 U.S.C. § 1343(3). The substantive statute, 42 U.S.C. § 1983, provides remedies and redress in the federal courts where a citizen is deprived of rights secured by the Constitution of the United States because of acts of any person under the color of state law, ordinance or regulation.

Here the trappings, the mere integuments, of federal jurisdiction exist rather than the substance of the thing that they cover or clothe. All we have is conclusory allegations tied to the coattails of the Fifth Circuit decision in *Hornsby v. Allen,* 326 F.2d 605 and, of course, its brood. Paragraph 9 of the complaint alleges: "There are no local codes or ascertainable standards which have been established or promulgated by the governing authority of Laurens County, Georgia, relating to the issuance of a license for the retail sale of beer and wine."

"If it develops that no ascertainable standards have been established by the Board of Aldermen by which an applicant can intelligently seek to qualify for a license, then the court must enjoin the denial of licenses under the prevailing system and until a legal standard is established and procedural due process provided in the liquor store licensing field." *Hornsby,* p. 612. The Ordinance adopted by the Board of Commissioners on January 29, 1974, sets forth standards for the issuance of licenses to sell beer and wine. A permit may be denied in a number of situations, including a felony record of the applicant; the fact that the proposed location is a "trouble spot" by reason of disturbances or disorderly conduct; adverse effect on the neighborhood and property values, and the existence of dangerous traffic conditions at the site.

However, the nonexistence of ascertainable licensing standards is beside the point. The defendants admit the qualification of Mr. Davidson and the business site in all but one respect. A license would have been issued save for one thing—the Georgia statute which makes it illegal and a crime "to sell either beer or wine at a place within

100 yards of any school or schoolhouse in this State." Ga.Code Ann. § 58–724.1.[1]

Plaintiff urges that in denying his application the Board misconstrued that section. The interpretation of the State law has nothing to do with denial of due process or equal protection under the Fourteenth Amendment. There is no contention that the law is discriminatorily administered in plaintiff's case.

The record makes clear that the permit was denied by the Board on the theory that the place of business was less than 100 yards from a school or schoolhouse. This section has not been construed by the appellate courts of Georgia. In an interpretative bulletin the Alcohol Tobacco Tax Unit of the Department of Revenue (the agency charged with enforcement of the law) has expressed the opinion that the "proper method of measurement would be to measure from the nearest portion of the school building to the nearest point including the grounds around the location where the malt beverage is to be sold."[2]

The East Laurens High School and plaintiff's store are separated by Georgia Highway 80. The distance from the nearest portion of the school building proper to the store is 682 feet, according to a plat which is part of the record. The distance is 610 feet from the school building to the grounds in front of the store. The school grounds contain a football stadium, a gymnasium and a tennis court. The gymnasium is 634 feet away. The distance from the press box at the stadium to the Kwik Service building is 290 feet.

The Board of County Commissioners apparently construed the law as meaning that the school grounds and facilities where extracurricular activities are carried on constitute a school or school building within the meaning of the Georgia law. Is such interpretation correct? That is the only question presented by the record.

This case does not arise under the Constitution or the laws of the United States. It involves no deprivation by the State or a subdivision thereof of rights secured by federal law. Jurisdiction of the United States courts must be affirmatively shown. We have nothing more than resort to this Court for the purpose of obtaining a ruling as to the proper construction of a Georgia statute under the particular state of facts. Relief from the defendants' action on the license must be sought in the courts of Georgia. This Court lacks jurisdiction under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. Despite the broad language of § 1983, "it was not intended to turn every defect or denial of a claimed state right into a federal right with a federal remedy." *Bradford Audio Corporation v. Pious,* 392 F.2d 67, 72 (2nd Cir.).

This ruling does not leave plaintiff without a remedy. The bells recently tolled the demise in Georgia of the hoary distinction between right and privilege in licensing the sale of alcoholic beverages. "[I]n the field of licensing municipal authorities cannot free themselves from the constraints of the due process and equal protection clauses merely because the state has labeled an alcoholic beverage license a privilege." *City of Atlanta v. Hill,* 238 Ga. 413, 414, 233 S.E.2d 193, 194. There the Supreme Court held that the writ of mandamus lies where municipal authorities refuse to grant a license to an applicant who meets the requirements of the city's ordinance.

## ORDER

The complaint is dismissed for lack of jurisdiction of this Court and judgment will be entered accordingly.

---

1. The parties have stipulated that except for the provision of the Code, "plaintiff meets all other legal requirements, criteria and standards established by the Laurens County Board of Commissioners for the issuance of a beer and wine license at the proposed location."

2. In the first Opinion of this Court citations of cases from other jurisdictions included the following: *Marino v. City of Baton Rouge,* La. App., 61 So.2d 588; *Gamble v. Liquor Control Commission,* 323 Mich. 576, 36 N.W.2d 297, 299; *Langella v. City of Bayonne,* 134 N.J.Law 235, 46 A.2d 789, 790; *Mixon and McCarroll v. J. C. Lewis, as Mayor of the City of Savannah et al.,* So.Dist. of Ga., CA No. 2626 (5/22/70).