## BUTLER *v.* THE STATE.

1. The act of August 11, 1891, which prohibits the sale of spirituous, alcoholic or malt liquor within a radius of three miles of any church or school-house, is not unconstitutional as to matter not embraced in any of the provisos, for insufficiency of the title, or for want of uniformity in its operation on account of discriminating between sales made in the country and those made in incorporated towns or cities, or because of any conflict with the general local option law, the act being a general, not a local act. Nor is the act unconstitutional because it does, or may, incidentally operate in one or more counties, by reason of the number and location of the churches and school-houses within the same, to prohibit for the time being any sale whatsoever of the liquors mentioned in the act within the boundaries of such counties and outside of incorporated towns and cities.

2. It does not affirmatively appear from the journals or otherwise that the General Assembly was not in legal session at the time the act was passed, or that the act was not read three times and on three separate days in each house. The entries on the journals are sufficient to uphold the act as constitutional with respect to the time and mode of passing it. The court did not err in denying a new trial. *Judgment affirmed.*

August 23, 1892.

Criminal law. Liquor. Statute. Constitution. Before Judge Ross. City court of Macon. June term, 1892.

The indictment was for selling liquor within three miles of a church, under the act of August 11, 1891. Acts 1890–1, page 132. The following facts were agreed on: In the month of January, 1892, the county commissioners of Bibb county granted permission to defendant to sell liquor at the place charged in the accusation. He paid his State and county license. The defendant has been since that time engaged in the retail sale of spirituous, alcoholic and malt liquors at the place charged. By actual measurement over the nearest road from defendant's store to the church, the distance is three miles and five one hundredths of a mile. By actual measurement across the country and through a swamp, around which the public road makes a bend, the distance from the bar-room to the church is 16 feet less than three miles, which distance is admitted to be the length of a geometrical straight line from the bar-room to the church. The first measurement was made at the instance of defendant, shortly after his license was granted. The second measurement across the country was made on the day preceding the taking out of this accusation. Defendant's store is in the county of Bibb. The church, Stone Creek church, named in the accusation, is in the county of Twiggs. There is no other church or school-house within three miles of defendant's store. And it is admitted that neither the bar-room nor the church in question is in any incorporated town or city in this State. The prosecutor testified that he had made a careful examination of the county of Bibb to ascertain if there is any point in that county which is not within three miles of a church or school-house, and had found no such point; his information was based on inquiry in each neighborhood; he made no measurements.

One of the assignments of error is upon the overruling of the defendant's plea in abatement, in which he alleged that he was granted a license on the 5th of January, 1892, to sell liquor at the place described in the accusation, by the commissioners of Bibb county, who are by law clothed with authority to decide the question as to whether his bar-room is within the prohibited distance from a church or school-house.

The defendant contends that the conviction was contrary to law, because the act in question is unconstitutional, null and void, for the following reasons :   (a) It was not passed, as shown by the journals of the Senate and House, as required by the constitution, it not having been read on three separate days in each house, both houses having adjourned and prolonged the session without the necessary two thirds vote.   (b) It is not uniform in its operation, for it permits barkeepers within a city or town to sell liquor within three miles of a church either within or without a city; whereas barkeepers not located in a town or city, cannot sell within three miles of a church located either within or without a city.   (c) It is unconstitutional as applicable to Bibb county, it being a law prohibiting the sale of liquor anywhere in said county, there being no bar-rooms in said county, and it being impossible to locate therein a bar-room that is not within three miles of a church or school-house ; and the General Assembly cannot pass a local prohibition law in conflict with the provisions of the general local option law now of force in the State, the law being that the question of prohibition shall be submitted to the vote of the county to determine for itself whether whiskey shall be sold within its limits, and the effect of the law [the act of 1891] being to create prohibition without submitting the question to the voters of Bibb county, and all counties the geography of which is such that there is no place where a

bar-room can be located without its being within the prohibited distance of a church or school-house. (*d*) It is not uniform in its operation, because it exempts therefrom cities and towns. (*e*) And because it exempts the sale of liquors in original packages of not less than forty gallons by the manufacturer. (*f*) And because its plain purpose is to prevent the sale of liquor, and especially in the county of Bibb, without submitting the question to the voters of that county, which cannot constitutionally be done while the general local option act remains of force. (*g*) Its title varies from its body and does not disclose the exception therein contained in favor of a certain class.

Another ground of error is, that the venue of the crime should have been laid in Twiggs county where the church is situated; and therefore the conviction in Bibb county was illegal.

Finally it is insisted that the defendant was not guilty, because the "evidence showed that the place of selling liquor was not within three miles of a church or school-house, measured by the nearest accessible road, but was only very slightly less than three miles, when measured as the crow flies, across the country whose swampy condition rendered it impracticable for travel."

R. W. PATTERSON, for plaintiff in error.

W. H. FELTON, JR., solicitor-general, by brief, *contra*.