### CASON v. HARN; *et vice versa.*

1. A vacancy, as that term is used in connection with official positions, implies the absence of any holder of the office. An office may be said to be vacant when it is not held by one legally entitled to discharge the functions and duties of the particular officer invested therewith. There may be three classes of vacancies: (1) A vacancy caused by a failure to elect or to hold an election. (2) A vacancy caused by the failure of one appointed or elected to an office to qualify as provided by law. (3) A vacancy caused by either death, resignation, or removal after the certain officer has been elected or appointed and may also have qualified.

2. That all parts of a legislative enactment shall, if possible, be harmonized and so construed as to reconcile apparent conflicts and to give effect to the apparent intention of the lawmakers, is a cardinal rule in the construction of statutes.

3. A provision in an act creating a board of county commissioners, who are named in the act, that "in the event that any member named in this act, or by the grand jury, fails to qualify, the board of commissioners of roads and revenues shall select his successor," is not in conflict with a subsequent section providing "that in case of a vacancy by death or resignation or otherwise, the remaining members shall immediately appoint a successor, who shall qualify by taking the oath and giving bond as hereinbefore provided, and shall hold his office until the next session of a regular grand jury which shall name the successor of the person causing the vacancy." Construing together the two sections alleged to be inconsistent, it is plain that each provision was designed to meet a different emergency or contingency, both of which were within the purview and intention of the General Assembly. The provision first quoted relates to a vacancy caused by a failure to qualify. The second provision quoted refers to all cases where a vacancy may arise after qualification of the officer named.

Nos. 4788, 4789. December 15, 1925.

---

Highways 29 Cyc. p. 572, n. 9.
Officers 29 Cyc. pp. 1400, n. 40; 1401, n. 46.
Statutes 36 Cyc. p. 1129, n. 59.

Quo warranto. Before Judge Sheppard. Bryan superior court. February 14, 1925.

*Bouhan & Atkinson* and *C. L. Purvis,* for plaintiff.

*Hitch, Denmark & Lovett,* for defendant.

RUSSELL, C. J. This writ of error challenges the correctness of the ruling of the judge of the superior court of Bryan County, upon a petition of quo warranto brought to test the right to the position of commissioner of roads and revenues for the third district of Bryan county. In 1920 the General Assembly passed an act to create a board of county commissioners of roads and revenues. Acts 1920, pp. 454 et seq. In pursuance of the act of 1920 a board of commissioners was created, and operated as such until August 1, 1924, when the act of 1920 was repealed. Acts 1924, p. 283. On the same day, to wit, August 1, 1924, an act to create a new board of commissioners for the County of Bryan was approved, creating a new board of commissioners for the County of Bryan, consisting of five members who were named in the act creating the board of commissioners. Acts 1924, p. 284. Quite frequently the General Assembly has passed acts abolishing local boards or local courts, as a means of effecting a mere change in the personnel of the particular board, or as a means of displacing certain officers of court. However, in the present instance it appears from a consideration of the act of 1924, supra, creating a board of commissioners of roads and revenues for the County of Bryan, that the act sought to accomplish more than a mere change in the membership of the body by ousting the former commissioners and selecting the five commissioners named in the act. Under the provisions of the act of 1920, supra, the board consisted of only two members, who are named in the first section of that act, to hold office "until the first day of January, 1923, and until their successors are duly elected and qualified." Under section 2 of the act of 1924, supra, the County of Bryan was divided into four road districts, each definitely described in this section, and each entitled to one commissioner resident therein, while the chairman was named from the county at large, with a term of office extending until January 1, 1929. In section 3 of the act of 1924, supra, it is provided: "That at each succeeding May term of the superior court of Bryan County, the grand jury shall select, and publish in its general presentments, the names of three candidates, who shall

have been bona fide residents of Bryan County for a period of two
years and legally qualified to hold office, and, at the November
term of the superior court following and in the same year, the
grand jury shall select one of the candidates for a period of four
years, and until his successor qualifies; and every four years the
May term grand jury shall select three candidates from the county
at large, in addition to the usual three; and from these three can-
didates named the succeeding November term grand jury shall
select a chairman for a term of four years, or until his successor
qualifies; in the event that any member named in this act, or by
the grand jury, fails to qualify, the board of commissioners of
roads and revenues shall select his successor." In pursuance of
this section the respondent, now defendant in error, claimed to
be commissioner from the third road district in place of W. D.
Morgan, who was named in the act from the 1137 district, G. M.
(and who failed to qualify), and claimed to be entitled to discharge
the duties of that office. Cason's claim rests upon an alleged se-
lection by the grand jury at the November term, 1924, of the
superior court of Bryan county. The respondent Harn asserts
title to the office in question, upon the ground that the vacancy
caused by the failure of W. D. Morgan to qualify was filled by
the board of commissioners themselves in electing him as com-
missioner from the third road district in accordance with the
provisions of section 3 of the act of 1924 upon that subject. Sec-
tion 15 of the act of 1924, supra, is as follows: "That in case of
a vacancy by death, or resignation or otherwise, the remaining
members shall immediately appoint a successor, who shall qualify
by taking the oath and giving bond as hereinbefore provided, and
shall hold his office until the next session of a regular grand jury
which shall name the successor of the person causing the vacancy."
The plaintiff in error insists that whatever title Harn may have
had to the office by reason of his selection by the members of the
board of county commissioners was derived under the provisions
of section 15 just quoted, and that therefore he was not entitled
to hold the office except "until the next session of a regular grand
jury," which had the right to then name him as Morgan's suc-
cessor. He further claims that the grand jury at the November
term, 1924, selected him as provided under the terms of section
15.

Regardless of other issues in this case, we are of the opinion that the real question in the case is whether Harn was selected by the board of county commissioners only until the meeting of the next regular grand jury in Bryan County, as contended by the plaintiff in error, or whether under the provisions of section 3 his term of office terminated at the time fixed in the act for the expiration of the term of W. D. Morgan, in whose place he was selected. Upon a comparison of the act of 1924 with the previous act of 1920 it appears that section 15 in the act of 1924 is identical with section 15 in the act of 1920, while there is no provision in the act of 1920 with reference to filling a vacancy where a member of the board fails to qualify. The question then arises whether the use of the word "otherwise" in section 15 in the clause, "in case of a vacancy by death or resignation or otherwise," necessarily includes a vacancy caused by a failure on the part of one selected as a commissioner to qualify, thereby causing a conflict between the provisions of section 3 to which we have referred, or whether there is no necessary conflict between section 3 and section 15. The use of the words "a vacancy by death or resignation or otherwise" would seem to be a classification of vacancies which might arise after qualification, because it will not do to say that the word "otherwise" would be useless unless it was intended to include every vacancy, no matter what cause may have occasioned the vacancy. A vacancy might be caused after the commissioner had qualified, by removal from the county or the State or by conviction of a felony, or removal from office for any sufficient cause provided by law. Therefore it can not be implied from the use of the word "otherwise" that the word "vacancy" as used in section 15 was intended to include all vacancies, so as to exclude vacancies which might not be ejusdem generis with "death" or "resignation." In a generic sense the word "vacancy" as applied to official positions means an absence of any one to hold the office and discharge its duties. A vacancy may be caused either by failure to elect the officer, the failure of the officer to qualify after his election, or his disqualification after both election and qualification. Thus there may be stated to be three classes of vacancies, or three ways in which a vacancy may ensue. Considering that section 3 of the act now before us provides in terms for only one of the emergencies which may cause a vacancy, to wit,

24

the second class to which we have referred, where a member of
the board of commissioners "fails to qualify," and provides in
terms that in such an instance "the board of commissioners of
roads and revenues shall select his successor," there is seemingly no
conflict as between this provision of section 3 and the provision
of section 15.  The vacancy referred to in section 15, caused "by
death or resignation or otherwise," naturally refers only to those
who have qualified after being elected, and not to the two classes,
in one of which there was no election, and the other in which there
was a failure to qualify after the officer had been elected.  If
W. D. Morgan, originally named in the act, after qualification, had
died or resigned or removed from the county or State, or if for
sufficient legal reason he had been removed from office, the appoint-
ment which the remaining members of the board of commissioners
were required to make would have entitled Harn only to "hold
his office until the next session of a regular grand jury."  But the
provision at the conclusion of section 3 of the act, which did not
appear in the act of 1920, and which is a rather unusual pro-
vision, that "in the event that any member named in this act  .  .
fails to qualify, the board of commissioners of roads and revenues
shall select his successor," discloses an evident intent on the part
of the legislature to provide for a possible contingency which it
seems actually arose in the failure of Morgan to qualify.  This
construction of the act of 1924 appears to harmonize any seeming
conflict between the provisions of section 3 and section 15, and
harmony is as essential in law as in music.  In the construction
of a statute it must be remembered that each part of the act has
its peculiar function and is an actor upon a common stage, and
each should be allowed to sing his part if he can do this without
producing such discord as will destroy the tune.  We are of the
opinion that section 3 in providing for the filling of a vacancy
caused by the failure of one who may have been selected as a
county commissioner in Bryan County to qualify, though more
lately introduced upon the stage than section 15, is not necessarily
inharmonious with the older provision as to vacancy, taken bodily
from the original act of 1920, which we construe to refer only to
vacancies occurring after the commissioner has qualified.  We
hold the provisions of the act to be not only harmonious but
symphonious, and we think the learned trial judge correctly re-

fused the prayers of the relator's information in the nature of a quo warranto. The provisions of section 3 and section 15 deal with different emergencies, and each employs a different means of meeting a specific emergency. In view of our holding as to this matter it is unnecessary to consider whether the plaintiff in error was disqualified to hold the position of commissioner of roads and revenues of Bryan county, in view of his membership in the General Assembly at the time the act was passed providing for the office to which he claims to be entitled; or to adjudge the effect of the applicant's resignation as State Senator in consideration of the issue; or to determine whether the selection by the grand jury in the present instance was legal or defective.

*Judgment on main bill of exceptions affirmed. Cross-bill dismissed. All the Justices concur.*