ODOM *et al. v.* JONES *et al.*

No. 9267.   DECEMBER 15, 1932.

*Lankford & Rogers,* for plaintiffs in error.

GILBERT, J.   This is a quo warranto proceeding to test the right of Dan Odom, J. S. Alexander, and E. W. Clifton to the offices of members of the board of commissioners of roads and revenues of a county.   They were appointed to the office under the special act of 1929 (Ga. Laws 1929, p. 726), applicable to the County of Toombs. Under the terms of the act (sec. 3) the appointees held office "until January 1st, 1931."   It is admitted that each of them was ineligible to hold the office at the time of their election to such office in 1930. Such ineligibility is based upon the ground that neither of them registered and paid all taxes demanded of them six months next preceding the general election.   It is insisted by respondents that they hold over under their appointment in 1929 until their successors have been elected and qualified.

1.   "The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging."   Civil Code (1910), § 5451.   These persons, Odom, Alexander, and Clifton are in fact discharging the duties of the offices named.   The writ brings in question their eligibility.

2.   The Civil Code (1910), § 258, par. 7, in part provides:  "No person shall be eligible to *hold* any county office in any county of this State, unless he . . is a qualified voter entitled to vote."   Their citizenship is not questioned.

3.   Under the constitution of this State one can not be a duly registered and properly qualified voter unless he has paid all taxes

required of him six months prior to the general election. Civil Code (1910), § 6397.

4. The Civil Code (1910), § 258, par. 8, declares that "all persons from any cause constitutionally disqualified" are held and deemed ineligible to hold any civil office in this State.

5. The Civil Code (1910), § 264, in part declares: "All offices in the State are vacated . . 3. By decision of a competent tribunal declaring the office vacant. 4. By voluntary act or misfortune of the incumbent, whereby he is placed in either of the conditions specified of ineligibility to office, which shall operate from the time the fact is ascertained and declared by the proper tribunal." In *Cason v. Harn*, 161 *Ga.* 366, 369 (131 S. E. 88), with reference to an act containing the words "a vacancy by death, or resignation or otherwise," this court said: "A vacancy may be caused either by failure to elect the officer, the failure of the officer to qualify after his election, or his disqualification after both election and qualification."

6. It follows from the undisputed facts of the case that Odom, Alexander, and Clifton, at the time of the filing of the quo warranto proceeding, were ineligible to hold the office of commissioner of roads and revenues for the County of Toombs, and the court did not err in so holding.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting.*