## McCOMB v. C. H. MUSSELMAN CO.
### No. 9591.

Circuit Court of Appeals, Third Circuit.

Argued April 20, 1948.

Decided April 30, 1948.

Ernest N. Votaw, of Philadelphia, Pa., and William S. Tyson, of Washington, D. C. (Bessie Margolin, Asst. Sol., Frederick U. Reel, and Sidney S. Berman, Attys., U. S. Department of Labor, all of Washington, D. C., on the brief), for appellant.

Hull, Leiby and Metzger, of Harrisburg, Pa. (George H. Hafer and Arthur H. Hull, both of Harrisburg, Pa., on the brief), for appellee.

Before GOODRICH and KALODNER, Circuit Judges, and BARD, District Judge.

PER CURIAM.

This case presents the question whether the work done by certain employees comes within the exemption of Section 7(c) of the Fair Labor Standards Act, 29 U.S.C. A. § 207(c). If the employees concerned are engaged in the "first processing of * * * fresh fruits" they are exempt and the District Court's decision must be upheld.

A short description of the manufacturing routine involved will make the point clear. Apples move from the storage warehouse through a conduit pipe to a cannery. They are conveyed in a stream of water which washes them. In the factory they pass over a device for sorting out the small apples which drop through to a receptacle below. The larger apples proceed along the production line and are peeled and cored preparatory to the process necessary to can them. The cores,

peel and pieces cut from the canning apples go into a conveyor and subsequently join the culls which have already dropped out. Culls, cores, peelings, and scraps go into a grinder and from thence into a press. The juice is squeezed out; the solid portion is subjected to pressure and subsequently dried through the application of artificial heat. After they are dried the chunks of pomace, which are the result, are again powdered either for use there in the defendant's cannery or for sale to others. The employees concerned here are those who do the labor in the drying out of the moist paste material after the solid material has been subjected to the squeezing under pressure.

The Government concedes that if all the apples were culls the first processing would continue until the drying under heat was finished. We cannot see that it is any the less "first processing" because part of the raw material from which this pomace is made consists of cores and peelings. We think the "first processing" certainly lasts from the time the apples begin their journey from the warehouse until the drying of the pulp is over and the product no longer is in the perishable state. In view of the recent decision to this effect in the Ninth Circuit in McComb v. Hunt Foods, Inc., 167 F.2d 905, we do not think further elaboration of the point on our part is called for.

The judgment of the District Court will be affirmed.