32466. PERWITZ *v.* IRVINDALE FARMS INC. *et al.*

Decided April 26, 1949.

*James Glenn Lamar,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, E. D. Smith Jr., Kenneth Liles,* for defendants.

Townsend, J. (After stating the foregoing facts.) Section 207

(a) of 29 U. S. C. A. provides in part as follows: "No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—(3) for a workweek longer than 40 hours . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Subsection (c) of said Code section is in part as follows: "In the case of an employer engaged in the first processing of milk, . . the provisions of subsection (a) shall not apply to his employees in any place of employment where he is so engaged."

Bulletins seeking to construe the meaning of acts of Congress by Federal Administrative offices are not binding on this court. However, when such a bulletin conforms to the meaning which this court deems should properly be given such an act, it will be adopted. In that connection Interpretative Bulletin No. 14, Release No. R-374, of the Wage and Hour Division, Office of the General Counsel, United States Department of Labor, dated August 21, 1939, and contained in 3 C. C. H. Labor Law Reporter at page 21, 485, in discussing what constitutes first processing of milk, says: "The 'first processing of milk' includes the making of cooled and pasteurized milk."

Another such bulletin contained in Wage and Hour Release No. R-1892, dated January 25, 1943, and contained in 3 C. C. H. Labor Law Reporter, at page 22,176, in construing section 207 (c), 29 U. S. C. A., says: "If an employer does not himself carry on any of the operations specifically mentioned in sec. 7 (c), none of his employees comes within the scope of the exemptions. If he does carry on such operations, the following two groups of employees are exempt: (1) those who exclusively engage in the operations described in the section; and (2) those employees whose occupations are a necessary incident to the described operations, and who work solely in those portions of the premises devoted by their employer to the described operations. When a plant exclusively engages in activities enumerated in the section, all of the employees of the operator of the plant who work solely in that plant are exempt. Employees whose

duties relate to goods upon which the described operations have been performed in another plant and employees working in a building which is on separate premises from that on which the exempt plant is located do not fall within either of the two groups of exempt employees and hence are not exempt. An employer may take the sec. 7 (c) exemptions only during periods in which he is actually engaged in performing operations described in the section."

Construing the petition against the pleader as required, it appears that the sole operations of the employer at the plant, establishment, or place of employment, consisted of the receiving of raw milk, pasteurizing it, bottling it, casing it, and shipping it to purchasers. The petition alleges that, after the milk had been pasteurized, bottled and cased on the premises, the plaintiff's job was to stack the cases of milk thus prepared.

In addition to milk, subsection (c) of said statute also exempts the first processing of sugar cane into sugar. In McComb v. Del Valle, 80 Fed. Supp. 945, it is held that the first processing of sugar cane into raw sugar exempts employees who perform services connected with the processing operations as follows: cleaning, juice treatments, crystallizing, packing, removing from bagging machines, and depositing and stacking in warehouses located on the mill premises or within a reasonable proximity thereto. See also Waialua Agricultural Co. v. Ciraco Maneja, 77 Fed. Supp. 480.

It follows that where, as here, the operations of the employer at the place of employment consist only of pasteurizing, bottling, and casing milk and shipping the milk for sale, the stacking of milk cases containing bottles of milk which had previously been pasteurized, bottled, and cased upon the same premises is an occupation reasonably incident to the pasteurization of the milk, and is a part of the first processing thereof as contemplated by the Fair Labor Standards Act, 29 U. S. C. A. § 207 (c).

While the many authorities cited in the briefs of counsel for the plaintiff are too numerous to discuss and distinguish singly, they constitute no authority for a holding contrary to this decision.

In view of what is here held, it is unnecessary for this court to determine the other questions made by the record in this case.

The judgment of the trial court sustaining the demurrers of the defendants is without error.

*Judgment affirmed.* *MacIntyre, P. J., and Gardner, J., concur.*