20100. LEWIS *v.* CITY OF SMYRNA *et al.*

ARGUED JUNE 9, 1958—DECIDED JULY 11, 1958—REHEARING
DENIED JULY 22, 1958.

*Buchanan, Edenfield & Sizemore, Wm. H. Major, Jr.,* for
plaintiff in error.

*Conley Ingram, Reed, Ingram & Flournoy,* contra.

HEAD, Justice. It is conceded in the brief of counsel for the petitioner (now the plaintiff in error) that, under the Malt Beverages Act of 1935 (Ga. L. 1935, pp. 73-81) as amended, prior to the act of 1955 (Ga. L. 1955, pp. 657-659), the business of selling or otherwise dealing in malt beverages was a privilege under the laws of this State (Code §§ 58-701, 58-718), and that a permit to sell malt beverages might be revoked without notice, without a hearing, and that no property right was involved. *McKown* v. *City of Atlanta,* 184 *Ga.* 221 (190 S. E. 571); *Phillips* v. *Head,* 188 *Ga.* 511 (4 S. E. 2d 240); *Thacker* v. *Morris,* 196 *Ga.* 167 (26 S. E. 2d 329); *Richmond County* v. *Glanton,* 209 *Ga.* 733 (76 S. E. 2d 65).

It is contended, however, that, under the act of 1955 (Ga. L. 1955, pp. 657-659), the business of selling beer at retail is a right and not a privilege, and that the petitioner's retail license can not be revoked without cause and without an opportunity to be heard. There is no statement or language in the 1955 act which can, by inference or by implication, be construed as changing the rule with reference to wholesale and retail dealers engaging in the business of selling malt beverages.

The caption of the 1955 act provides: "An Act to provide for the manner in which licenses granted by the State of Georgia, or by any other duly authorized licensing authority, authorizing the manufacture of malt beverages may be revoked and renewed; and for other purposes." By its caption the act is limited in its scope to the revocation of licenses pertaining to "the manufacture of malt beverages."

In section 1 of the act, it is provided that no license issued "for the manufacture of malt beverages" shall be revoked except for due cause, and after a hearing had upon written notice; and the term "due cause" is defined to "consist only of violation of the laws regulating the manufacture of malt beverages and of reasonable regulations made pursuant to authority lawfully granted for the purpose of regulating the manufacture of malt beverages." In section 2 it is provided that the "right to sell such manufactured product to duly licensed wholesalers or retailers for resale within this State may be revoked separately from the right to

manufacture and sell . . . outside of this State." In section 3 it is provided that "Every unrevoked license authorizing the manufacture of malt beverages . . . shall be renewable to the holder thereof as of right upon the payment of fees and taxes lawfully assessed. . ." Section 4 is the repealing clause.

The petitioner's contentions are not supported by the language of section 1, "notwithstanding the provisions of any other law or parts of law, etc.", since this language is related solely and exclusively to the manufacture of malt beverages. The repeal of a law by implication is not favored. If the latter act does not "embrace the whole subject matter of the prior act, and is not entirely repugnant to it, the court should apply such construction as will give to the two, concurrent efficacy." *Erwin* v. *Moore*, 15 *Ga.* 361 (2); *City of Atlanta* v. *Gate City Gas Light Co.*, 71 *Ga.* 106, 122; *Griggs* v. *City of Macon*, 154 *Ga.* 519, 526 (3) (114 S. E. 899); *Friedman* v. *Mizell*, 164 *Ga.* 1, 5 (137 S. E. 400).

"The cardinal or pre-eminent rule governing the construction of statutes is to carry into effect the legislative intent and purpose if that is within constitutional limits." *Ford Motor Co.* v. *Abercrombie*, 207 *Ga.* 464 (62 S. E. 2d 209). There is a substantial difference in the type, character, and nature of the business of manufacturing malt beverages, and the business of selling such beverages at retail. This court is not bound by legislative construction as to the intent and purpose of an act, or the extent thereof. It does appear, however, in the preamble of the 1955 act, that the classification made by the General Assembly pertaining to manufacturers was based on the fact that substantial investments in lands, buildings, and machinery would be required, and because of such substantial investments, continuity of operation should be assured, within the limitations imposed.

The 1955 act (Ga. L. 1955, pp. 657-659) did not make the business of selling beer at wholesale or retail a "right" rather than a "privilege". The petition did not set out a cause of action for the relief prayed.

*Judgment affirmed. All the Justices concur.*