## 47540. BELTON v. COLUMBUS FINANCE & THRIFT COMPANY.

QUILLIAN, Judge. The sole question presented in this appeal is whether the procedure followed in a loan made under the Georgia Industrial Loan Act (*Code Ann. Ch.* 25-3; Ga. L. 1955, p. 431, as amended) constituted a violation of the "Truth in Lending" provision of the Federal Consumer Credit Protection Act, 15 USCA § 1601 et seq., and the regulation adopted pursuant thereto published at 12 Code of Federal Regulations 226, commonly known as "Regulation Z."

In her complaint against the finance company borrower attached as Exhibit A, a copy of a completed form desig-

nated as "Note—Loan Statement—Bill of Sale." Pertinent portions of this form include the following:

| Amounts Charged and Disbursed | "A" |
|---|---|
| 1. Interest—8% Per Annum | $79.44 |
| 2. Fee 8% $46.08 4% $___/___. | $46.08 (sic) |

Another attachment designated Exhibit B is captioned "Disclosure Statement of Loan." This form is intended to comply with the Federal Truth in Lending Act and Regulation Z. The portion applicable to this case reads:

| Total of Payments | Amount Financed | Finance Charge | Annual Percentage Rate |
|---|---|---|---|
| $576.00 | $450.48 | $125.52 | 24.81% |

Appellant contends the Federal Truth in Lending statute and Regulation Z have been violated by this disclosure statement in that two items of (1) interest and (2) fee which are thus separated on Exhibit A should have also been segregated and written as individual items on Exhibit B instead of being aggregated as "Finance Charge." In support of this contention appellant's brief details the history and purposes of our Federal statute and cites cases which are persuasive but not on "all fours" with the case sub judice in any instance. The brief concludes that the failure to state the two items separately instead of being lumped together violates "the Act's broad social and economic purposes as well as the statutory and regulatory scheme." We disagree. We recognize that "The Truth in Lending Act is intended primarily to require disclosure of the true cost of money or credit, so that consumers can shop rates between lenders or sellers" as is stated in "Truth in Lending and Regulation Z—A Primer" by W. Rhett Tanner in 6 Ga. St. B. Jour. 19 (Aug. 1969). That purpose has been satisfied here.

The lender here did not violate the statute. We are impelled in part in that direction by the specific form used in this case being substantially similar to that form recommended by the Board of Governors of the Federal Reserve System, charged with preparation of Regulation

Z and administration of the Act.

Interpretations of a law made by those who are administering it, while not conclusive, are to be given great weight. Mitchell v. Steinmetz, 175 FSupp. 761 (S. D. Ga. 1959) (judgment affirmed as Steinmetz v. Mitchell, 268 F2d 501); Goldberg v. Sullivan, 208 FSupp. 266 (M. D. Ga. 1962); Murphy v. Ga. Aero-Tech, 49 FSupp. 982 (S. D. Ga. 1943).

In passing upon interest and loan charges questioned under the Georgia Industrial Loan Act, which had been handled in conformance with regulations issued by the Georgia Industrial Loan Commissioner, this court said in *Robbins v. Welfare Finance Corp.,* 95 Ga. App. 90, 95 (96 SE2d 892): "The administrative interpretation of the Act given by that agency is entitled to consideration in the determination by this court of the manner in which fees and charges allowed by law should be calculated." See also *Brown v. Quality Finance Co.,* 112 Ga. App. 369 (145 SE2d 99). Although administrative rulings are not binding on this court they will be adopted when they conform to the meaning which this court deems should properly be given. *Perwitz v. Irvindale Farms,* 79 Ga. App. 181 (53 SE2d 196).

Appellant earnestly argues segregation of the two items, interest and loan fee, must be done to carry out the intent of the Federal Act in that this would enable borrowers to compare the individual items which compose "Finance Charges" as between competing lenders. Neither Congress nor the Federal Reserve Board imposed such requirement. In 15 USCA § 1639 in sub-paragraph (2) of paragraph (a) Congress said the creditor making a consumer loan shall disclose "all charges, *individually itemized,* which are included in the amount of credit extended but which are not part of the finance charge." (Emphasis supplied.) Neither in the earlier sub-paragraph (1) of that section requiring disclosure of "the amount of credit" nor in the later sub-paragraph (4) requiring information to be supplied of "the amount of the

finance charge" nor in sub-paragraph (5) directing "The finance charge [to be] expressed as an annual percentage rate" are the words "individually itemized" used. Undoubtedly, Congress recognized borrowers who might shop between lenders competing in the consumer finance area would ask only two questions: "What is your interest rate?" and "How much is it going to cost me?" We recognize that § 226.4 of Regulation Z published in 12 Code of Federal Regulations spells out the individual items that shall be considered in "determination of finance charge" but nowhere does it require the segregation as a part of the "Disclosure Statement" as contended by appellant.

It should be noted that Exhibit A separated each of the two items so that in actual fact the borrowers acquired this information even though it was not spelled out in Exhibit B which constituted the "Disclosure Statement" that satisfied Federal statutory requirements.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

ARGUED OCTOBER 3, 1972—DECIDED DECEMBER 1, 1972—REHEARING DENIED DECEMBER 19, 1972—

*William D. Harrell, H. Winthrop Pettigrew, John L. Cromartie, Jr., Bettye H. Kehrer,* for appellant.

*William L. Slaughter, John R. Strother, Jr.,* for appellee.