139 Ga. App. 436 (1976)
228 S.E.2d 399
TURNER COMMUNICATIONS CORPORATION
v.
GEORGIA DEPARTMENT OF TRANSPORTATION.
52010.
Court of Appeals of Georgia.
Argued April 7, 1976.
Decided July 28, 1976.
Schreeder, Wheeler & Flint, David H. Flint, for appellant.
Arthur K. Bolton, Attorney General, John R. Strother, Special Assistant Attorney General, for appellee.
PANNELL, Presiding Judge.
This appeal involves the construction of Ga. L. 1973, pp. 1071, 1077 (Code Ann. § 95A-916 (q)) pertaining to the placement of outdoor advertising signs along an interstate highway.
The facts are stipulated. Turner applied to the Department of Transportation (DOT) for a permit to erect two signs in Atlanta along Interstate Highway 20 (I-20). One sign would be erected adjacent to I-20 and constructed for display to motorists on I-20. The other sign would be constructed on the north side of Peters Street, which runs under and alongside I-20 on the north side. This sign would be constructed for display to motorists on Peters Street, though it would be visible from I-20. Both signs were to be within 660 feet from I-20 so both were subject to the restrictions contained in Georgia's Control of Outdoor Advertising statute, supra.
Section 95A-916 of the statute provides: "No sign authorized by the provisions of subsections (d) and (e) of Section 95A-915 hereof shall be erected or maintained which: ... (q) is located adjacent to an Interstate highway and which is within 500 feet of another sign on the same side of the highway: Provided, however, that such signs may be located within 500 feet of another sign when the signs are separated by buildings or other obstructions so that only one sign facing located within the 500 foot zone is visible from the Interstate highway at any time." (Emphasis supplied.)
*437 Both of Turner's signs were on the north side of I-20 and would be 508 feet from each other. But the distance between the signs when measured along the edge of the highway from points nearest the signs would be 450 feet.
The DOT denied the permit application on the grounds that the signs would be adjacent to and on the same side of I-20 and not separated by a distance of 500 feet as required by the statute. The DOT concedes that one permit should be granted but not both.
The state hearing officer affirmed the denial of the permit application. Turner filed a petition in the Superior Court of Fulton County for review of the administrative decision. Turner here appeals from the affirmance by the superior court. Held:
1. Because there is no dispute as to the evidence, the sole issue being the construction of the statute, this court does not apply the "clearly erroneous" standard. Instead, we seek to determine whether the administrative ruling made below was "in violation of ... statutory provisions" or were "in excess of the statutory authority of the agency." Ga. L. 1964, pp. 338, 354; 1975, pp. 404, 410 (Code Ann. § 3A-120 (h) (1) and (2)).
2. Appellant contends that the ruling below was erroneous for two reasons: (a) the signs were not "adjacent to" and "on the same side of" I-20 within the meaning of the statute; and (b) the method of measuring distance was not authorized by the statute.
(a) Appellant contends that because the two signs would be on opposite sides of Peters Street a "primary highway" as defined under the statute, and subject to the same restrictions, the sign on the north side of Peters Street would be neither adjacent to nor on the same side of I-20. Such argument does not square with the prohibition of § 95A-915 of the statute. "No outdoor advertising shall be erected or maintained within 660 feet of the nearest edge of the right-of-way and visible from the main traveled way of the Interstate or Primary Highways in this State except" in certain cases. This clear legislative proscription cannot be thwarted by the mere fact that other roads, even "primary roads," intervene between the sign and the Interstate highway. Both of Turner's signs would be within the 660 foot limit and are therefore *438 "adjacent to" the Interstate highway. And while the signs are not on the "same side" of Peters Street, they are on the "same side" of I-20 and therefore come within the proscription.
(b) The more difficult problem is the method of measuring the distance between the signs. Turner contends the proper method is "as the crow flies," which would place the signs 508 feet from each other. The DOT argues that the proper method of measurement is from points along the edge of the pavement of I-20 closest to the signs, which would place the signs 450 feet apart.
"In all interpretations, the courts shall look diligently for the intention of the General Assembly." Code § 102-102 (9); Lewis v. City of Smyrna, 214 Ga. 323, 326 (104 SE2d 571); Ford Motor Co. v. Abercrombie, 297 Ga. 464, 467 (62 SE2d 209). The intent of the General Assembly, when the entire Act is read together, is to protect the public traveling along the highway from distractions, from aesthetic desecration and from nuisances all associated with the proliferation of signs in a concentrated area along the highway. Thus, the distance requirement for separation of signs is aimed at the impact on the traveling motorist  not at the literal distance between each sign.
The "crow-flies" measurement used in Butler v. State, 89 Ga. 821 (15 SE 763), as urged by appellant, is not applicable to this case. The "crow-flies" method of measurement was adopted in Butler to fulfill the intent of the legislature regarding the particular statute there involved. That method of measurement was not intended to apply to every statute wherein the method of measuring was omitted. Rather, each statute is to be construed individually in order to ascertain the method of measurement which best fulfills the legislative intent.
The purpose of the present legislation is to regulate the impact of the signs on the driver along the interstate. In requiring that all signs be located at least 500 feet apart, the legislative intent would require that the measurement be made along the highway. Such an interpretation would restrict the visual impact upon the persons traveling along the highway and thus be in accord with the legislative purpose of the Act.
*439 We hold that the proper method of measurement is from points along the edge of the interstate. The superior court properly affirmed the denial of the permits for the signs which were located less than 500 feet apart.
Judgment affirmed. Bell, C. J., Deen, P. J., Clark, Stolz and Webb, JJ., concur. Quillian, Marshall and McMurray, JJ., dissent.
MARSHALL, Judge, dissenting.
I respectfully dissent from the majority opinion.
I believe that a reasonable interpretation of the statute is that given by the appellant, which is that the measurement be made in a straight line. Code Ann. § 95A-916, in allowing certain outdoor advertising in commercial and industrial areas, specifically provided that "no sign ... shall be erected ... which is within 500 feet of another sign." The obvious and literal meaning is to prevent signs from being within 500 feet of each other  i.e., each sign shall be the center of a 500 foot zone, within which no other sign shall be placed. In fact, the very subsection in question mentions a "500 foot zone" existing around the signs. There is no mention in the subsection of imaginary points along the highway. Elsewhere in the statute the method of measurement is specified as being along the edge of the pavement of the highway, see §§ 95A-916 (r), 95A-917 (d) and 95A-914 (i). The General Assembly, even though aware of this method of measurement, did not specify same as the method of measuring the distance between these signs.
I am not persuaded by the fact that federal policy memoranda and agreements, relied on by appellee, state that the method of measurement be from imaginary points on the edge of the highway. Such documents are not *440 the law of any particular jurisdiction and would not be binding authority on the meaning of Georgia's statute if they were the law.
I am more persuaded by the Georgia liquor establishment cases. For example, in Butler v. State, 89 Ga. 821 (15 SE 763), the appellant was prosecuted for selling liquor within three miles from a church in violation of a statute. The appellate court rejected appellant's argument that if measured by way of the nearest road, the point at which the sale took place was more than three miles from the church. The court interpreted the statute to mean that the sale was prohibited within a three-mile "zone" of the church, even though the method of measurement was not mentioned in the statute. See also, 4 ALR3d 1250.
It is important to strictly construe statutes which restrict the freedom of the owner of real property to use the property as he sees fit. If the General Assembly intended that the measurement between signs be as contended by the DOT, it should have specified such an interpretation so that there remained no room for doubt as to the meaning of the statute.
The majority opinion will result in a further restriction on the freedom of the property owner to use his land as he wishes, although no such restriction is clearly apparent in the statute.
I would reverse the judgment of the trial court.
I am authorized to state that Judges Quillian and McMurray concur in this dissent.