### 53214. DEPARTMENT OF TRANSPORTATION v. SPELLS SIGN COMPANY.

STOLZ, Judge.

This case involves the construction of provisions of the Georgia Code of Public Transportation dealing with

outdoor advertising. The appellee applied to the Department of Transportation for permission to erect a billboard adjacent to Interstate 75 in Lowndes County. The department refused permission based on its construction of Code Ann. §§ 95A-914 (1), 95A-916 (r) (Ga. L. 1973, pp. 947, 1072, 1077). The Superior Court of Lowndes County reversed the department's final agency decision and held that the appellee be issued a permit to erect its sign. The Department of Transportation appeals the decision of the superior court.

The appellee desired to construct its billboard 500 feet north of the southbound exit ramp at the Interstate 75 — State Route 31 interchange. The sign would have been built to the west of the freeway to be viewed by southbound traffic. Interstate 75 is constructed at that intersection in such a manner that the entrance ramp onto the northbound lanes extends to a point further north than the beginning point for the exit ramp from the southbound lanes. Thus, measuring along the highway, the appellee's billboard would have been less than 500 feet from the entrance to the northbound lanes.

Code Ann. § 95A-916 (r), supra, provides that no billboard may be erected which "is located outside of the corporate limits of a municipality and adjacent to an interstate highway within 500 feet of an interchange, intersection at grade, or safety rest area. The foregoing 500 foot zone shall be measured along the interstate highway from the point at which the pavement commences or ceases to widen at exits from or entrances to the main traveled way. . ."

The appellee contends that the 500 foot zone referenced in the above Code provisions should be measured as if two separate and distinct zones are created by the respective entrance and exit ramps at the State Route 31 interchange with Interstate Highway 75, one zone being created adjacent to the southbound lane by the exit ramp and the other being created adjacent to the northbound lane by the entrance ramp. Such a construction contemplates that both the northbound and southbound lanes of Interstate Highway 75 are separate and distinct "main traveled ways."

Consistent with its construction, the appellee takes the position that, because the proposed sign is further than 500 feet from the point where the pavement commences to widen at the exit ramp adjacent to the west side of Interstate Highway 75, the same side on which the proposed sign would be located, the fact that the sign would be within 500 feet of the point where the pavement ceases to widen at the entrance ramp on the east side of Interstate Highway 75 is not controlling. This was the holding of the trial court.

To properly construe the above provisions of the Code, it is necessary to define "main traveled way." Code Ann. § 95A-914, supra, provides the following definitions: "(k) 'Traveled way' means the portion of a roadway for the movement of vehicles, exclusive of shoulders. (1) 'Main traveled way' means the traveled way of a highway on which through traffic is carried, and in the case of a divided highway, it means the traveled way of each of the separated roadways for traffic traveling in opposite directions. It does not include such facilities as frontage roads, turning roadways or parking areas."

The basic legal issue in the instant case is whether a

freeway has one "main traveled way" or two "main traveled ways." Admittedly, the statute is less than clear on that question. Therefore, we must look to the intent of the General Assembly. " 'In all interpretations, the courts shall look diligently for the intention of the General Assembly.' Code § 102-102 (9); *Lewis v. City of Smyrna,* 214 Ga. 323, 326 (104 S. E. 2d 571); *Ford Motor Co. v. Abercrombie,* 297 Ga. 464, 467 (62 S. E. 2d 209). The intent of the General Assembly, when the entire [Outdoor Advertising Control] Act is read together, is to protect the public *traveling along the highway* from distractions, from aesthetic desecration and from nuisances all associated with the proliferation of signs in a concentrated area along the highway." *Turner Communications Corp. v. Ga. Dept. of Transportation,* 139 Ga. App. 436, 438 (228 SE2d 399) (1976).

The minimization of distractions by signs in the area of an interchange is precisely the intent and purpose behind the blocked-out zone contemplated in Code Ann. § 95A-916 (r). Thus, it is our opinion that a freeway has one "main traveled way," that signs may not be permitted in the location at which the appellee sought to erect its billboard, and that the superior court erred in holding to the contrary.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 11, 1977 — DECIDED JANUARY 31, 1977 — REHEARING DENIED FEBRUARY 23, 1977 — ■

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Richard L. Chambers, Deputy Attorney General, Marion O. Gordon, Senior Assistant Attorney General, Bruce M. Edenfield, Assistant Attorney General,* for appellant.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellee.