### 52122. HALL v. DEPARTMENT OF NATURAL RESOURCES.

PANNELL, Presiding Judge.

The appellant, Mr. Hall, was dismissed from his position with the department of natural resources because of alleged misconduct and conduct reflecting discredit on the department. He appealed the decision of dismissal to the state personnel board. The state personnel board reinstated appellant to his position with the department of natural resources. The department petitioned the Fulton County Superior Court for writ of certiorari. The superior court sustained the petition for writ of certiorari and reversed the decision of the state personnel board. Mr. Hall appeals the judgment entered in favor of the department of natural resources.

The record shows that appellant was dismissed from the department of natural resources for reasons of misconduct and conduct reflecting discredit on the department, to wit: "(1) On or about August 28, 1974, in Tifton, Georgia, Lewis E. Hall, in uniform, did drive an official State vehicle, a 1973 Dodge pickup truck while under the influence of alcohol. (2) On or about August 28, 1974, in Tifton, Georgia, Lewis E. Hall, in uniform and

driving an official State vehicle, a 1973 Dodge pickup truck, did leave the scene of an automobile collision between the aforementioned official State vehicle and a 1973 Oldsmobile Cutless automobile." Upon the appeal of the decision of dismissal, a hearing officer of the state personnel board made the following pertinent findings of fact: "We find, as a matter of fact, that *Mr. Hall was guilty of misconduct* as a result of his driving a State owned vehicle during official hours while under the influence and while in uniform. *Mr. Hall was also guilty of misconduct* as a result of leaving the scene of an accident as stated in the charges. We find that *Mr. Hall's conduct on this occasion was not sufficient to reflect discredit on the Department* of Natural Resources as indicated in the charges." (Emphasis supplied.)

Code Ann. § 40-2205 provided: "No employee of any department who is included under this chapter or hereafter included under its authority and who is subject to the rules and regulations prescribed by the State Personnel Board may be dismissed from said department except for good cause as shall be specified in the rules and regulations of the State Personnel Board. . . The decision of the board on such an appeal *as to whether or not the dismissal was for proper cause and in accordance with the rules and regulations prescribed by the board* shall be binding upon the appointing authority of the department dismissing such employee. The board may modify the action of the department, but may not increase the severity of such action on the employee. Such appointing authority shall promptly comply with such order as may be issued as a result of the appeal by the State Personnel Board. The decision of the board shall not limit the rights of the employee or the department of judicial review as to errors of law." (Emphasis supplied.) Ga. L. 1971, pp. 45, 52.[1] The rules and regulations of the State Personnel Board provided in pertinent part: "Section 12.500.

---

[1] This Act was repealed by Ga. L. 1975, pp. 79, 90, after appellant's case was considered by the state personnel board. (Code Ann. § 40-2207). The pertinent provisions remained substantially the same.

Dismissals. The appointing authority, upon notice in writing delivered in person or mailed to the employee, may dismiss any permanent employee for cause as herein defined. Par. 12.501.2. Dismissal for cause is defined as the dismissal being in the best interest of the department based on: negligence or inefficiency in performing the duties of the position held; unfitness to perform assigned duties; insubordination; *misconduct;* conduct reflecting discredit on the department; failure to report for work without justifiable cause; chronic absenteeism; *or* political activity in violation of Rule 3." (Emphasis supplied.)

The state personnel board specifically found misconduct on the part of appellant. They found that the evidence was not sufficient to show conduct reflecting discredit on the department. The board regulations set forth eight bases in the disjunctive which would support a dismissal for cause. Any one of these bases could support a dismissal for cause. Accordingly, if the appellant was guilty only of misconduct, the department dismissed him for proper cause and in accordance with the rules and regulations prescribed by the board.

The state personnel board, on appeal from a dismissal, is to determine "whether or not the dismissal was for proper cause and in accordance with the rules and regulations prescribed by the board." See Ga. L. 1971, pp. 45, 52 (Code Ann. § 40-2205). The board found misconduct on the part of Mr. Hall; we find that the board erred as a matter of law in reversing the decision of the department of natural resources after having found a proper cause for the dismissal of Mr. Hall in accordance with the rules and regulations of the board.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED MAY 4, 1976 — DECIDED JUNE 22, 1976 — REHEARING DENIED JULY 12, 1976 — ▮▮▮▮▮▮▮▮

*Reinhardt, Whitley & Sims, Ralph F. Simpson, John S. Sims, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Carl C. Jones,*

*Assistant Attorney General,* for appellee.