## 58062. DEPARTMENT OF NATURAL RESOURCES v. WILMOT.

Birdsong, Judge.

This case is an appeal from an order of the superior court reversing a decision of the State Personnel Board. The case concerns an adverse personnel action taken against the appellee by the appellant, Department of Natural Resources. The appellee at the time of this

incident was employed as a conservation corporal with the Game and Fish Division of appellant. As a result of an incident in which he and other Game and Fish employees were involved, he was charged with acts of misconduct by appellant and demoted. Appellee appealed to the State Personnel Board. Code Ann. § 40-2207.1. A hearing was held by a hearing officer who made recommended findings of fact, conclusions of law, and a recommended decision that the appeal be denied but the penalty be reduced to a 60-day suspension of pay. The State Personnel Board adopted these recommendations. *Held:*

1. The first enumeration of error is that the superior court applied an improper standard of review in this case. The trial court in its order stated in part: "This Court reverses the decision or Order of the Board because substantial rights of the Petitioner have been prejudiced because the findings and Order of the Board are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *Hall v. Ault,* 240 Ga. 585 [242 SE2d 101] (1978), *Beall v. Dept. of Revenue,* 148 Ga. App. 5 [251 SE2d 4] (1978). The burden rests with the State to demonstrate that the adverse action taken against Petitioner, Arnold Wilmot, was proper and consistent with the rules and regulations of the State Merit System. The State has failed to carry the burden of proof and the evidence is not sufficient to support the conclusions reached by the State Personnel Board."

The appellant argues that the phrase in the last sentence of this quoted portion of the order that the evidence was "not sufficient" indicates that there was some evidence but not enough, and this is an incorrect application of the "any evidence" rule. The latter rule was held to be the equivalent of the "clearly erroneous" standard set forth in the judicial review procedures outlined in Code Ann. § 40-2207.1 (m) (4). *Hall v. Ault,* 240 Ga. 585, supra. It is obvious that the court applied this "clearly erroneous" standard as it was so stated in the order. The further statement in the order concerning the insufficiency of the evidence thus is but another enunciation of the same rule.

2. The next two enumerations must be considered together as they concern a common ground as to whether

the superior court considered the entire record in this case. This issue arose in this factual setting. In addition to appellee, another employee of appellant, Mr. Nix, was involved in this same incident and an adverse personnel action was also taken against him and he likewise appealed to the State Personnel Board. An appellate hearing before a hearing officer designated by the State Personnel Board on Nix' case was held in which testimony was considered and documentary evidence was received by the hearing officer. A transcript of the Nix case was made. At the onset of the appellate hearing in the instant case and conducted by the same hearing officer, counsel for appellee read into the record certain stipulations, one of which was: "It is further stipulated there will be no proof required to establish that Arnold Wilmot and three other law enforcement personnel on the detail were aware of the procedures concerning the use of firearms, which has been marked and identified in the Nix hearing as Exhibit Number 1 for the Department." Near the conclusion of the hearing the following colloquy ensued:

"The Hearing Officer: Any more exhibits?

"Mr. Malone: The same exhibits and we agreed that the same testimony from all the hearings can be introduced. I think that was our understanding.

"The Hearing Officer: All right. . ."

The hearing officer then submitted to the State Personnel Board extensive recommended findings of fact, conclusions of law, and a recommended decision. The proposed findings of fact were stated separately and in numerical sequence. Following each finding, the hearing officer cited by page number the transcript in this case and on numerous instances cited the testimony of witnesses contained in "Nix's transcript," and referred to documentary evidence as "Nix's Exhibits." The hearing officer then transmitted the entire record in this case along with the recommended findings of fact, etc. to the State Personnel Board. The board adopted the hearing officer's proposed findings of fact, conclusions of law and decisions as its own. The timely petition by appellee for review to the superior court followed. The State Personnel Board thereafter transmitted a certified copy of the record

in this case to the superior court. The record filed in this court does not contain any of the Nix evidence. It is obvious that the parties agreed to a consideration of the Nix evidence in this case. However, the record we have fails to show that the superior court had this missing evidence before it when the review was conducted in that court. The hearing officer had the statutory duty to certify the *"entire* record to the board for decision." Code Ann. § 40-2207.1 (e). The State Personnel Board had the same duty to "transmit to the reviewing court the original or a certified copy of the *entire record* of the proceeding under review." Code Ann. § 40-2207.1 (j). The "entire record" has not been transmitted. The superior court must confine its review "to the record." Code Ann. § 40-2207.1 (m). This clearly means the entire record. It was error to fail to forward the entire record and this results in an unlawful review procedure. In the absence of proper review, we will remand the case to the superior court with direction to vacate its order and to issue such orders as necessary for it to obtain a complete and entire record of the evidence and proceedings conducted in this case by the State Personnel Board. After receipt of the entire record, the superior court is further directed to consider the appeal anew. Code Ann. § 40-2207.1 (m). After the entry of a new judgment, the losing party shall be free to enter an appeal. See *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154).

3. The remaining enumeration of error which concerns the sufficiency of the evidence need not be ruled on at this time in view of our holding in Division 2.

*Appeal remanded with direction. Quillian, P. J., and Smith, J., concur.*

Submitted July 9, 1979 — Decided September 13, 1979.

*Arthur K. Bolton, Attorney General, Don A. Langham, First Assistant Attorney General, Robert S. Bomar, Senior Assistant Attorney General, J. David Dyson, Assistant Attorney General, Brian J. O'Shea,* for appellant.

*Thomas W. Malone,* for appellee.