## 62293. DEPARTMENT OF HUMAN RESOURCES v. GREEN.

SHULMAN, Presiding Judge.

This is an appeal from an order and final judgment of the Superior Court of Chatham County denying the appeal of the Department of Human Resources and affirming the administrative determination of the State Personnel Board.

Appellee Green was dismissed from his permanent status position as a "caseworker principal" with the Chatham County Department of Family and Children Services for alleged negligence and conduct which reflected discredit upon the department. Pursuant to Code Ann. § 40-2207, the employee appealed the adverse decision to the State Personnel Board. A hearing was held by a hearing officer, who made findings of fact, conclusions of law, and a recommended decision that the appeal be upheld and the punishment assessed appellee be reduced from dismissal to a six-month suspension without pay. The State Personnel Board adopted these recommendations, and the superior court "reluctantly" affirmed the board's decision. This court granted appellant's application for discretionary appeal.

1. A permanent status employee under the State Merit System may be dismissed for cause if it is found that his conduct falls into any one of nine categories, including negligence and conduct which reflects discredit on the department. See State Personnel Board Rule 12, § 12.300, ¶ 12.303, and Rule 15, § 15.200, ¶ 15.204. The State Personnel Board, on appeal from a dismissal, is to determine "whether [the dismissal] was in accordance with the rules and regulations prescribed by the State Personnel Board . . . " See Code Ann. § 40-2207 (d). Decisions of the board are reviewable by the superior court, which must confine its review to the record and may not reweigh the evidence on questions of fact. Code Ann. § 40-2207.1 (h,m). If there is "any evidence" to support the board's decision, it must be affirmed by the superior court. *Hall v. Ault,* 240 Ga. 585 (242 SE2d 101); *Dept. of Natural Resources v. Wilmot,* 151 Ga. App'. 324 (1) (259 SE2d 715).

In the present case, the department notified appellee that his termination was due to his "negligence which reflects discredit upon the Department." Specifically, appellee's dismissal was based on

charges that Title XX (Social Security) eligibility had expired in 17 cases because appellee had not completed timely redeterminations of the cases; that appellee had affirmatively stated on five monthly reports that the redeterminations had been done when in fact they had not; and that appellee had changed dates on his reports to reflect that redeterminations which were in fact due were not yet due. After conducting a lengthy hearing, the hearing officer found that appellee had responsibility for case files in which Title XX eligibility redeterminations had not been made; that appellee had signed a statement on five monthly reports that all redeterminations had been done; and that appellee had made "other entries" indicating that he had completed Title XX redeterminations. The hearing officer then recommended that appellee suffer a six-month suspension without pay instead of dismissal because there was evidence that there were employees other than appellee who had also had cases in which Title XX eligibility had expired and who had signed the monthly statement that all redeterminations had been done when in fact they had not.

2. Appellant, citing *Hall v. Dept. of Natural Resources,* 139 Ga. App. 298 (228 SE2d 174), in support of its position, maintains that the superior court erred in affirming the decision of the board because the board had erred in reversing the department's dismissal decision. In *Hall,* an employee was dismissed for misconduct and conduct reflecting discredit upon the department. Upon appeal, the board found the employee guilty of misconduct, but concluded that the conduct was not sufficient to reflect discredit upon the department. The board then modified the punishment meted out by the department from dismissal to reinstatement after an eight-month suspension without pay. This court affirmed the superior court's reversal of the decision of the board on the ground that the board had erred as a matter of law when it reversed the department's dismissal after having found proper cause under the board's rules and regulations (misconduct) for the employee's dismissal.

The case presently before the court is very similar to *Hall.* However, there is a crucial difference: in the case sub judice, although the board found appellee had committed the *acts* with which he was charged, it did not make a finding that appellee's actions constituted negligence or conduct reflecting discredit on the department. If the board had made such a finding, then *Hall* would apply. However, finding that appellee committed the acts with which he was charged is not tantamount to a finding that appellee was negligent. It appears that the hearing officer believed appellee's testimony that the redeterminations had not been done on time and that he had falsely stated otherwise because he had been awaiting information from his

supervisor. Based on this explanation, the hearing officer apparently believed that appellee was guilty of something less than negligence and was in need of disciplinary action less severe than dismissal. Therefore, this ground asserted by appellant is not meritorious.

3. Appellant urges that the superior court erred in affirming the lesser sanction (six months' suspension without pay) imposed on appellee by the board. Under Code Ann. § 40-2207 (d), "[t]he board may modify the action of the appointing authority but may not increase the severity of such action on the employee." The board's rules and regulations limit the duration of a suspension without pay for disciplinary purposes to 30 calendar days for any one offense or multiple offenses arising out of the same incident. Rule 15, § 15.200, ¶ 15.201.1. Based on the hearing officer's recommendations which it adopted, the board was authorized to impose the lesser sanction of six months' suspension without pay. In its review of the case, the superior court found that each false entry made by appellee on his reports constituted a separate offense, and concluded that the six-month suspension was therefore valid. We agree. Appellee made a total of 17 false entries concerning 17 different cases in the five monthly reports presently under scrutiny. It is not as if appellee made 17 false entries on each of the five reports or that the five reports together constituted "one incident." Based on the findings of the board, which the trial court reluctantly affirmed, there was no error in affirming the lesser sanction.

4. Appellant also asserts that the superior court erroneously failed to find that the board's decision was "[c]learly erroneous in view of the reliable probative and substantial evidence on the whole record." Code Ann. § 40-2207.1 (m) (4). We agree. The hearing officer's determinations adopted by the board and affirmed by the trial court are incomplete. It is not mentioned that the evidence showed that appellee was the only employee who had changed dates on reports to disguise the fact that he had not done redeterminations. Furthermore, the hearing officer did not note that it was undisputed that, 8 months prior to his dismissal, appellee had been counseled by his superiors regarding Title XX redetermination discrepancies in his reports and had been told never again to indicate falsely that redeterminations had been done or were not yet due. Finally, the reasoning used to justify a lesser sanction (that others were guilty of appellee's conduct) is not supported as to the charge that appellee had changed dates on reports, since no other witnesses testified that they had disguised their failure to make timely redeterminations by falsifying the dates on which such redeterminations were due on the monthly reports.

Regarding the allegation of reflecting discredit upon the department, the hearing officer found that failing to make timely redeterminations and reporting that the work had been done did not constitute conduct reflecting discredit upon the department. No such finding was reached regarding appellee's falsification of dates. Such action could very well constitute conduct reflecting discredit upon the department, especially in light of the October 1978 warning to appellee to discontinue submitting reports containing false statements and the evidence that no other employees had engaged in this conduct. The hearing officer's failure to address one of the specific allegations made against appellee, an allegation supported by probative evidence, renders the report so incomplete as to be clearly erroneous. The trial court erred when it affirmed the board's decision. Thus, we must remand this case to the trial court with direction that it remand the case to the board for a more complete determination.

*Judgment reversed and remanded with direction. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 13, 1981.

*Arthur K. Bolton, Attorney General, Thomas D. Watry, Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* for appellant.
*Marshall R. Wood,* for appellee.