### 64192. GEORGIA DEPARTMENT OF LABOR v. SIMS.

POPE, Judge.

This is an appeal from a final order and judgment of the Superior Court of Fulton County affirming an administrative decision of the State Personnel Board. The order upheld a previous superior court order modifying dismissal of Lenora Sims, a permanent employee of the Department of Labor, to a suspension and demotion.

Sims was dismissed from her job by the Department of Labor for "conduct reflecting discredit on the agency" and "insubordination." After a hearing on the matter, the State Personnel Board upheld the dismissal and Sims appealed to the Superior Court of Fulton County. In an order dated January 21, 1981, the court affirmed the factual findings made by the board but concluded as a matter of law that the disciplinary action taken, i.e. dismissal, was too severe, not supported by the evidence, and not accomplished in accordance with the Rules and Regulations of the State Personnel Board. The case was remanded to the board for further action.

On remand the State Personnel Board found that their original findings of fact were correct and that Sims' dismissal by the Department of Labor was not an abuse of discretion, was clearly warranted and was not too severe in view of the facts. The Board concluded that the dismissal action was taken in accordance with State Personnel Board Rules and Regulations, and once again upheld Sims' dismissal.

Sims filed a Motion for Contempt against the Department of Labor and the State Personnel Board for failure to comply with the superior court order. The court concluded that the Board was not in contempt of the court's earlier order, but that the Board was without jurisdiction to uphold the dismissal since the superior court retained jurisdiction over the matter by virtue of the remand order. On July 3, 1981 the court ordered the Board to impose a sanction other than dismissal in accordance with the earlier superior court order.

The State Personnel Board reinstated Sims but suspended her without pay for 30 days and demoted her to a lower classification. Sims then moved the court to issue a final order in the case. In its final order issued on October 29, 1981, the court incorporated the original findings of fact and conclusions of law made on January 21, 1981 and the findings and conclusions made on July 3, 1981. The court ordered that Sims be reinstated, suspended for 30 days, demoted and paid all back wages due. We granted the Department of Labor's discretionary appeal.

1. Appellant contends that the trial court erred in affirming the decision of the State Personnel Board because the board had erred in modifying the sanction imposed. Appellant contends that, after finding that the rules and regulations of the board had been complied with and there had been proper cause for Sims' dismissal, the board lacked the authority to change the sanction imposed by the Department of Labor. We do not agree. Under Code Ann. § 40-2207(d) (now OCGA § 45-20-8 (d)) "[t]he board may modify the action of the appointing authority but may not increase the severity of such action on the employee." See *Dept. of Human Resources v. Green,* 160 Ga. App. 37, 39 (285 SE2d 772) (1981). Clearly, the Board had the *authority* to make the modification pursuant to the statute and it follows that the trial court did not err in affirming the lesser sanction in this regard.

2. Appellant further argues that the trial court's affirmance of the board's modification of the sanction should be reversed because the court was in error in directing the board to change its decision in the first place. However, the sole enumeration of error asserted by appellant is that "[t]he trial court erred in affirming the decision of the State Personnel Board since the Board lacked authority to change the sanction after finding that the Rules and Regulations of the Board had been complied with and that there was proper cause for the Appellee's dismissal." We find that appellant's argument, challenging the original decision of the trial court, is not within the parameters of the enumeration of error, and "[t]his court has no jurisdiction to consider grounds argued in the brief which are not enumerated as error. *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31) [1967]." *Cassville-White Assocs. v. Bartow Assocs.,* 150 Ga. App. 561, 563 (258 SE2d 175) (1979); see *Irvin v. Askew,* 241 Ga. 565 (2) (246 SE2d 682) (1978); *MacDonald v. MacDonald,* 156 Ga. App. 565 (1a) (275 SE2d 142) (1980); Code Ann. § 6-810 (now OCGA § 5-6-40).

Even if we were to find the issue to be inclusive with the enumerated error, we would nonetheless reject appellant's argument. The trial court concurred with the findings of fact made by the board,

but concluded that those facts did not support the dismissal action. In other words, the trial court found erroneous the board's conclusion of law that the facts amounted to good cause warranting dismissal. For this reason the court remanded the case for imposition of a less severe sanction. Appellant's argument is that the court was without authority to take this action. We disagree.

Code Ann. § 40-2207.1 (m) (now OCGA § 45-20-9 (m)) provides that the reviewing court "shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact." There is no such restriction as to conclusions of law. Compare Code Ann. § 81A-152 (a) (now OCGA § 9-11-52 (a)). Section 40-2207.1 (m) further provides: "The court may affirm the decision or order of the board or remand the case for further proceedings." It then provides the limited grounds for reversal. Included among those grounds is a board decision which is "[a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Code Ann. § 40-2207.1 (m) (5). Thus, the trial court had the authority to reverse the decision on the ground that the board abused its discretion by departing from its progressive discipline policy in this case. Having the authority to reverse, it certainly follows that the court had the authority to remand.

A further reason exists for rejecting appellant's argument. The issue raised in the argument is presented surreptitiously as an attack against the board's authority to change its decision. Because there can be no disputing that the board must comply with the directions of a superior court made pursuant to statutory authority, appellant now claims that the court's directions were not so authorized and therefore could not serve as the basis for the board's changing its decision. However presented, the fact remains that appellant is attacking the January 22, 1981 order of the trial court in this appeal of the trial court's October 29, 1981 affirmance of the final action of the board made on August 19, 1981. As such, it is clearly untimely. Code Ann. § 6-803(a) (now OCGA § 5-6-38 (a)) (requiring that a notice of appeal be filed within thirty days after entry of an appealable decision or judgment).

*Judgment affirmed. Deen, P. J., McMurray, P. J., and Banke, J., concur. Shulman, P. J., concurs in the judgment only. Quillian, C. J., Birdsong, Carley and Sognier, JJ., dissent.*

DECIDED DECEMBER 2, 1982 —
REHEARING DENIED DECEMBER 17, 1982 —

*Michael J. Bowers, Attorney General, Marion O. Gordon, Verley*

*J. Spivey, Senior Assistant Attorneys General, Kirby G. Atkinson, Wayne P. Yancey, John E. Bumgartner, Assistant Attorneys General,* for appellant.

*Mark C. Ellison,* for appellee.

SOGNIER, Judge, dissenting.

I concur with the majority opinion with regard to the State Personnel Board's authority to modify the sanction imposed by the appointing authority. However, I would reverse the order of the Superior Court because I do not think the trial court was authorized to order the board to modify the sanction in the original order remanding the case to the board. The trial court may only substitute its judgment for that of the board in those specific instances as outlined in Code Ann. § 40-2207.1 (m) (now OCGA § 45-20-9 (m)). There is at least some evidence to support the charges against appellee warranting dismissal, *Hays v. Skelton,* 145 Ga. App. 543 (244 SE2d 66) (1978). I find nothing in the record to indicate that the Department of Labor did not follow the correct procedure. This court, as well as the trial court, is bound by the procedure set out in the Merit System Act, Code Ann. § 40-2201 et seq. Finding no authority for the trial court's action ordering modification of a sanction, I would reverse.

I am authorized to state that Chief Judge Quillian, Judge Birdsong and Judge Carley join in this dissent.