76301. DEPARTMENT OF TRANSPORTATION v. NOBLES.
(370 SE2d 11)

BENHAM, Judge.

Appellee Nobles was formerly employed by appellant Department of Transportation (DOT) as a craftsman. His dismissal for misconduct and conduct reflecting discredit on DOT was upheld by the State Personnel Board, but reversed by the Superior Court of Tattnall County. We granted DOT's application for discretionary review of the trial court's decision.

It is clear from a review of the record that there is evidence to support the board's finding that appellee's conduct constituted misconduct and conduct reflecting discredit on DOT, grounds for dismis-

sal pursuant to Rule 478-1-.15, Par. 15.204 of the Rules of the State Personnel Board. A GBI agent testified before the board hearing officer that he visited appellee's home, where appellee sold him 1.5 grams of marijuana. At the conclusion of the GBI undercover operation, appellee and seven others were arrested for selling drugs, a fact published on the front page of the weekly local newspaper. The manager of the DOT maintenance shop where appellee was employed testified that after the arrests were publicized, members of the community asked him if a dope ring was being run out of the department's shop; if the shop was selling dope rather than repairing vehicles; and if the trucks were being used as delivery vehicles.

OCGA § 45-20-9 (h) provides for judicial review of a decision of the State Personnel Board. OCGA § 45-20-9 (m) contains the standard of review to be applied, and lists the limited grounds for reversal, the last of which is at issue here: "[T]he court shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact. The court may . . . reverse the decision or order of the board if substantial rights of the petitioner have been prejudiced because the board's . . . orders are: . . . (5) Arbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion." This subsection gave the trial court the authority to reverse the board's decision on the ground that the board abused its discretion by departing from its policy in this case. See *Ga. Dept. of Labor v. Sims*, 164 Ga. App. 856, 858 (298 SE2d 562) (1982).

In its order reversing the board's ruling upholding appellee's dismissal, the trial court concluded that the board's action was arbitrary, capricious or an abuse of discretion because, at the time appellee committed the misconduct, there was no policy regarding departmental action to be taken in response to a drug-related criminal conviction. We disagree. Rule 478-1-.15, Par. 15-204 of the Rules of the State Personnel Board provides that an employee may be dismissed because of misconduct or conduct reflecting discredit on the department. That is a published statement of established policy and, as stated earlier, there was evidence in the record that appellee committed an act that amounted to misconduct and conduct reflecting discredit on the department. It was not necessary that the department have a stated policy concerning the consequences of drug-related activity. If that drug-related activity constituted misconduct or conduct reflecting discredit on the department, the policy is clear: the employee is subject to dismissal. The trial court erred in concluding that the department lacked a policy regarding departmental action concerning employees involved in illegal drug activity. The department's policy against illegal drug-related activity is contained in the published policy against misconduct and conduct reflecting discredit upon the department.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 25, 1988.

Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Eric A. Brewton, Staff Assistant Attorney General, for appellant.
Richard Phillips, for appellee.