A90A0839. DOLLAR et al. v. DEPARTMENT OF HUMAN RESOURCES, CENTRAL STATE HOSPITAL.
(396 SE2d 913)

SOGNIER, Judge.
Debbie Dollar and four other former employees of Central State

Hospital appeal from the superior court decision reversing the State Personnel Board decision regarding their dismissals from employment.

The record reveals that appellants were charged with misconduct consisting of patient abuse and with insubordination consisting of failing to obey an order to submit to polygraph examination in connection with the investigation into the patient abuse charges. The hospital terminated appellants. Several other employees, who were not charged with misconduct stemming from patient abuse, also were charged with insubordination for failing to take the polygraph test. Appellants appealed their dismissals, and a hearing officer determined after hearing evidence that there was insufficient evidence to support the charge of misconduct, and although he found the insubordination charge supported by evidence, he reduced the penalty for that offense to three days suspension. The State Personnel Board (the Board) affirmed the decision of the hearing officer, and the Department of Human Resources sought judicial review, challenging only the reduction of the penalty for insubordination. The superior court reversed the decision of the Board, reinstating the termination penalty, and this appeal ensued.

1. The superior court found that because insubordination was an offense for which the penalty of termination is available, once the Board determined appellants were guilty of insubordination it was not within the discretion of the Board to reduce the penalty of termination chosen by the appointing authority (the hospital). Appellants contend this ruling by the superior court was error because the governing statute, the administrative regulations, the uniform practice of the Board, and the most recent case law all confirm that the Board has the power to reduce the punishment for an offense. We agree.

OCGA § 45-20-8 (d) provides, in pertinent part, that "[t]he [B]oard may modify the action of the appointing authority but may not increase the severity of such action on the employee." This language is repeated in the applicable regulation, and is routinely memorialized by hearing officers at the beginning of each hearing. We find nothing ambiguous about this statutory language; its meaning is plain. Thus, the uniform practice of the Board is to regard the issue of the severity of the penalty as within its purview upon review. "It is a well established principle of law that even though an interpretation of a statute by the agency charged with the duty of enforcing it is not conclusive, it is entitled to great weight. [Cit.]" *National Adv. Co. v. Dept. of Transp.*, 149 Ga. App. 334, 337 (2) (b) (254 SE2d 571) (1979).

Although, as argued by appellee, the superior court's ruling is supported by *Hall v. Dept. of Natural Resources*, 139 Ga. App. 298 (228 SE2d 174) (1976) and *Department of Human Resources v.*

*Green*, 160 Ga. App. 37 (285 SE2d 772) (1981), and those cases have not been expressly overruled, we find that both *Hall* and *Green* have been effectively overruled sub silentio by *Georgia Dept. of Labor v. Sims*, 164 Ga. App. 856 (298 SE2d 562) (1982). The same argument advanced here by appellee was raised by the appellant in *Sims*, who contended that "after finding that the rules and regulations of the [State Personnel B]oard had been complied with and there had been proper cause for Sims' dismissal, the [B]oard lacked the authority to change the sanction imposed by [her employer]." This court flatly rejected that contention, finding that pursuant to the language in OCGA § 45-20-8 (d) it was clear that the Board had authority to reduce the punishment. Id. at 857. We cannot agree with appellee's arguments that this language in *Sims* is mere dicta because the issue in that case concerned the authority of the superior court to *order* the Board to modify the sanction. The contention was encompassed in the enumeration of error in *Sims*, and was squarely addressed. Thus, it is apparent that in its latest pronouncement on this subject, this court has found that OCGA § 45-20-8 (d) endows the Board with authority to reduce a sanction imposed by the appointing authority even though the Board finds support in the evidence for a charge for which the sanction of dismissal is authorized. Accordingly, the superior court erred by finding the Board lacked this authority.

2. Appellants also contend the superior court erred by ruling that the Board acted in an arbitrary and capricious manner in affirming the hearing officer's reduction of the penalty. The hearing officer reduced appellants' penalty to three days suspension based on the fact that as insufficient evidence existed to support the charge of misconduct, only the insubordination charge remained, and because the other employees who were charged only with insubordination stemming from their refusal to take polygraph tests were given three-day suspensions, it was fair and equitable that appellants be given the same penalty. We agree with appellants that this was not an abuse of discretion, and that the superior court erred by so holding.

Although we acknowledge the existence of the sound policy prohibiting blind insistence on meting out uniform penalties to employees technically charged with the same offenses, based on the principle that proper discipline always involves weighing numerous factors, and what is a minor offense in one work situation may well be major in another, we do not find that the reduction of the penalty in this case was a result of the blind or arbitrary technical application of any "uniform punishment" rule. Rather, we find the hearing officer's reasoning took into consideration the fact that because appellants had been "acquitted" of the charge of misconduct involving patient abuse, terminating their employment when other employees had been given three-day suspensions for the same insubordination offense would be

tantamount to punishing appellants for patient abuse despite the lack of evidence to support that charge. We do not find this reasoning to be arbitrary or capricious and accordingly reverse the decision of the superior court.

3. Appellee contends the superior court lacked authority to vacate its original decision and enter a new decision when appellants were not notified of the original decision in time to file an appeal. Because appellee filed no cross-appeal, and the issue raised by appellee is not material to either of appellants' enumerations of error, we cannot consider this contention. OCGA § 5-6-38 (a); compare *Georgia &c. Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987).

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur specially.*

McMURRAY, Presiding Judge, concurring specially.

I concur in the judgment reversing the judgment of the trial court in this case. I also agree with the majority's reliance upon *Georgia Dept. of Labor v. Sims*, 164 Ga. App. 856 (298 SE2d 562). However, I do not agree that *Hall v. Dept. of Natural Resources*, 139 Ga. App. 298 (228 SE2d 174), and *Department of Human Resources v. Green*, 160 Ga. App. 37 (285 SE2d 772), were overruled by *Sims*. In my view, there is no conflict between *Sims* and the two earlier decisions.

In *Sims*, we acknowledged the authority of the State Personnel Board to reduce sanctions imposed by employing agencies. As stated by the majority in the case sub judice: "OCGA § 45-20-8 (d) endows the Board with authority to reduce a sanction imposed by the appointing authority even though the Board finds support in the evidence for a charge for which the sanction of dismissal is authorized." In other words, the board has a discretionary authority to reduce sanctions.

The exercise of the board's discretion in this regard is a separate matter from the questions of fact and law concerning whether imposition of a specific sanction, such as dismissal, is authorized. *Hall* and *Green* did not involve the board's exercise of its discretion to modify sanctions, but instead, were concerned with whether the sanctions imposed in those cases were authorized. Thus, in *Hall*, we held that the board had erred when its reversal of the dismissal of an employee was based on an incorrect conclusion of law that there was no proper cause for imposition of the sanction of dismissal. Similarly, in *Green*, we approved of the superior court's affirmance of the board's imposition of a lesser sanction where the findings of fact by the hearing officer did not authorize dismissal. *Hall* and *Green* should be distinguished rather than overruled.

CARLEY, Chief Judge, concurring specially.

I concur in the judgment reversing the judgment of the trial court in this case. I also agree with the analysis of the majority and its reliance upon *Georgia Dept. of Labor v. Sims*, 164 Ga. App. 856 (298 SE2d 562) (1982). In this connection, the majority concludes that *Sims* "effectively overruled" *Hall v. Dept. of Natural Resources*, 139 Ga. App. 298 (228 SE2d 174) (1976) and *Department of Human Resources v. Green*, 160 Ga. App. 37 (285 SE2d 772) (1981). I agree, but *not* simply because *Sims* is the "latest pronouncement on this subject" by the Court. (Majority opinion, page 700). When this Court is faced with previous decisions of this Court in apparent conflict with each other, it cannot automatically rely upon the latest decision as can the Supreme Court, because an appeal filed in this Court is usually considered and resolved by a division of three judges, while the Supreme Court always sits en banc. See *Hall v. Hopper*, 234 Ga. 625 (216 SE2d 839) (1975). Thus, if *Hall, Green* and *Sims* were all cases decided by a division of this Court, this case would have to be presented to the whole court which would resolve any conflict by overruling one or more of the previous decisions. However, we do not face that problem in the instant case because *Sims* is a whole court case and, although there was a dissent, eight judges concurred in the conclusion that the Board had authority to reduce the punishment. "As precedent, a decision by [the] entire court with a majority concurring shall take precedence over a decision by any division." OCGA § 15-3-1 (d). Thus, *Sims* is controlling and binding precedent.

DECIDED SEPTEMBER 4, 1990.

*Benjamin P. Erlitz*, for appellants.
*Michael J. Bowers, Attorney General, Jennifer L. Hackemyer, Assistant Attorney General, Robert C. Kates*, for appellee.