## A05A1361. GEORGIA DEPARTMENT OF NATURAL RESOURCES v. WILLIS.

(619 SE2d 335)

BLACKBURN, Presiding Judge.

Following the superior court's reversal of the State Personnel Board's decision to increase a sanction for state employee Calvin Willis's proven misconduct, the Georgia Department of Natural Resources ("DNR") appeals by permission, arguing that the superior court erred in holding that the Board failed to adequately explain its decision to increase the sanction recommended by the administrative law judge (ALJ). We agree and reverse.

Construed in favor of the Board's decision, the evidence shows that DNR employee Willis served as a state park superintendent and therefore had law enforcement authority.[1] As a favor to a friend, Willis embroiled his public position in a private dispute between the friend and an occupant of a private residence. He called the residence from his office, cited his law enforcement authority for impact, and attempted to persuade the occupant to allow the friend and Willis entrance to the property. When the occupant complained to Willis's superior, an investigation ensued, in which Willis was interviewed.

Dissatisfied with Willis's interview responses (which it considered inaccurate) and concerned about the facts of the incident, DNR notified Willis that it intended to terminate him (a) for misusing his law enforcement authority in violation of DNR regulations and state ethics rules and (b) for insubordination in lying to the investigators. When the dismissal ensued two weeks later, Willis sought and received a hearing before an ALJ, who found that Willis's phone call had clearly violated DNR's law enforcement procedures as well as a state code of ethics. This finding is not contested in the present appeal. The ALJ concluded, however, that Willis had not lied to investigators and that therefore the charge of insubordination was unproven. The ALJ recommended that the sanction for Willis's misconduct be a 30-day suspension without pay, not a dismissal.

DNR appealed to the State Personnel Board, seeking to reinstate the dismissal. Following a hearing and a review of the record, the Board adopted the ALJ's findings of fact and conclusions of law with the exception of the ALJ's Conclusion of Law No. 17, which held that the proven misconduct of misusing law enforcement authority did not alone support termination. Determining that the ALJ's proposed suspension penalty should be increased to the penalty of dismissal as proposed by DNR, the Board explained that "the Board believes that the sanction imposed [by the ALJ] is too lenient. The Board disagrees

---

[1] Cf. OCGA § 12-3-32 (a) (10).

with the ALJ's Conclusion of Law No. 17 and concludes that the employee's misconduct was severe enough to warrant DISMISSAL."

Willis appealed the Board's decision to the superior court, claiming that the Board insufficiently justified its decision to impose a harsher sanction than that recommended by the ALJ. The superior court agreed with Willis and reversed the Board, holding that the decision of the Board to increase the sanction to dismissal without making additional findings of fact was arbitrary and capricious under OCGA § 45-20-9 (m) (5).

> The Board has in [its] individual discretion modified the ALJ's Initial Decision without stating any fixed rationale for the modification. The Court finds that the actions of the Board are founded on prejudice or preference rather than on a reason or fact since no competent evidence was adopted in the Board's Ruling to substantiate the modification.

We granted DNR permission to appeal the superior court's ruling.

The standard of review in such matters is clear. OCGA § 45-20-9 (m) provides:

> The review shall be conducted by the [superior] court without a jury and shall be confined to the record. The court shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact. The court may affirm the decision or order of the board or remand the case for further proceedings. The court may reverse the decision or order of the board if substantial rights of the petitioner have been prejudiced because the board's findings, inferences, conclusions, decisions, or orders are: . . . (5) Arbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Interpreting this statute, we have held:

> The [superior] court's review, however, is limited in scope and must be confined to the record. The court shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact. OCGA § 45-20-9 (m) . . . prevents a de novo determination of evidentiary questions and authorizes only a determination of whether the facts found by the board are supported by "any evidence." The scope of this court's review is similarly narrow. We must

construe the evidence in a light most favorable to the prevailing party and *the State Personnel Board's decision must be affirmed if there is any evidence to support it.*

(Citation and punctuation omitted; emphasis supplied.) *Ga. Dept. of Human Resources v. Odom.*[2] See *Hall v. Ault.*[3]

Regarding the sanctions which the State Personnel Board may impose on state employees, broad authority is given to the Board by OCGA § 45-20-8 (d), which provides:

The decision of the board on an appeal as to whether a dismissal or other adverse action was in accordance with the rules and regulations prescribed by the State Personnel Board shall be binding upon the appointing authority. The board may modify the action of the appointing authority but may not increase the severity of such action on the employee.

Based on this "plain" language, *Dollar v. Dept. of Human Resources, Central State Hosp.*[4] held that "the uniform practice of the Board is to regard the issue of the severity of the penalty as within its purview upon review." We agreed with the Board's practice, noting that the interpretation of a statute by the agency charged with its enforcement is entitled to great weight. Id.

In exercising its authority to determine the severity of the penalty, the Board may not abuse its discretion by departing from its policies such as a mandatory progressive discipline policy. *Ga. Dept. of Labor v. Sims.*[5] In cases of misconduct, however, Board policy is clear that dismissal may be imposed immediately. Ga. Comp. R. & Regs. r. 478-1-.15.204 (2005). See *Dept. of Transp. v. Nobles.*[6] Moreover, if the Board decides to impose a more severe sanction than that recommended by the ALJ, "the reasons for so doing must affirmatively appear as part of the record." (Punctuation omitted.) *Ga. Bd. of Dentistry v. Pence.*[7] See OCGA § 50-13-41 (d). This does not require that the Board make separate findings of fact, introduce evidence, or specify factual data supporting its reason for imposing more severe

---

[2] *Ga. Dept. of Human Resources v. Odom,* 266 Ga. App. 493, 495 (597 SE2d 559) (2004).

[3] *Hall v. Ault,* 240 Ga. 585, 586 (242 SE2d 101) (1978).

[4] *Dollar v. Dept. of Human Resources, Central State Hosp.,* 196 Ga. App. 698, 699 (1) (396 SE2d 913) (1990).

[5] *Ga. Dept. of Labor v. Sims,* 164 Ga. App. 856, 858 (2) (298 SE2d 562) (1982).

[6] *Dept. of Transp. v. Nobles,* 187 Ga. App. 244, 245 (370 SE2d 11) (1988).

[7] *Ga. Bd. of Dentistry v. Pence,* 223 Ga. App. 603, 606 (4) (478 SE2d 437) (1996), quoting *Ga. Real Estate Comm. v. Horne,* 141 Ga. App. 226, 234 (3) (233 SE2d 16) (1977).

sanctions. *Pence*, supra at 606-607 (4). Rather, giving a reason such as consistency with sanctions for similar violations is sufficient. Id. at 606 (4).

*Ga. Dept. of Human Resources v. Odom*, supra, is a good example of the application of these principles. In *Odom*, a health service technician tried to hit a patient. Id. at 496-497. The appointing agency (DHR) sought to terminate the employee, but the ALJ hearing the matter found that although the employee's actions clearly violated DHR's policies and the employee's training, the ALJ felt the penalty of dismissal was too severe in light of the employee's lengthy employment with DHR, during which she had had no adverse employment actions for many years. Id. at 495. The ALJ modified the penalty from dismissal to a 30-day suspension without pay. Id.

DHR appealed to the State Personnel Board, which adopted the ALJ's findings of fact and conclusions of law excepting those that concluded that dismissal was too severe. *Odom*, supra at 495, 498. The Board imposed the harsher sanction of dismissal. Id. at 495. The employee appealed to the superior court, which reversed the Board's decision as arbitrary and capricious and directed the Board to reinstate the ALJ's decision. Id.

Citing the "any evidence" standard of review, we held that the evidence of misconduct by the employee supported the Board's decision to impose the immediate sanction of dismissal, as authorized by State Personnel Board Rule 478-1-.15.204. *Odom*, supra at 495-497. Accordingly, the Board's decision was not arbitrary or capricious. Id. at 496-497. We further held that the adoption of the ALJ's findings of fact and conclusions of law that were consistent with this decision satisfied the Board's obligation to enter findings and conclusions, and that the finding of misconduct alone "gave adequate reason for its decision to reinstate the sanction of dismissal." (Punctuation omitted.) Id. at 498. "[T]he board was not required to recite every fact and conclusion consistent with its decision when reason dictates that [the employee's] misconduct reasonably warranted dismissal." (Punctuation omitted.) Id. We reversed the superior court, reinstating the Board's decision. Id.

Here, the procedural posture and the material facts are very similar to those of *Odom*. The ALJ found that Willis had committed misconduct by misusing his law enforcement authority but refused to impose the sanction of dismissal sought by DNR because the second charge of insubordination was unfounded. Adopting the ALJ's consistent findings of fact and conclusions of law, the Board acted within its statutory purview of deciding sanctions and imposed the harsher sanction of dismissal, explaining that the ALJ's proposed suspension was too lenient since the proven misconduct was so severe as to warrant dismissal. For the same reasons cited in *Odom*, we hold the

superior court erred in reversing this Board decision, as such was neither arbitrary nor capricious but was well within the sound discretion of the Board. "[T]he trial court erroneously substituted its judgment for that of the board, and reversal is required." Id.

*Judgment reversed. Miller and Bernes, JJ., concur.*

DECIDED JULY 28, 2005 — 

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Bryan K. Webb, Senior Assistant Attorney General, Kendall L. Kerew, Assistant Attorney General, for appellant.*
*Melvin M. Goldstein, Daniel B. Greenfield, for appellee.*