A06A0041. FARRAR v. GEORGIA BOARD OF EXAMINERS OF PSYCHOLOGISTS.

(634 SE2d 79)

RUFFIN, Chief Judge.

Psychologist John E. Farrar petitioned the Bibb County Superior Court for judicial review of a disciplinary decision entered by the State Board of Examiners of Psychologists ("the Board"). The superior court affirmed the Board's decision. We granted Farrar's application for discretionary appeal, and this appeal ensued.

The record shows that the Board filed a disciplinary petition against Farrar, which proceeded to an evidentiary hearing before an administrative law judge ("ALJ"). Following that hearing, the ALJ prepared an initial decision with findings of fact, conclusions of law, and a recommendation that Farrar be placed on probation for six months. Dissatisfied with the ALJ's findings, the Board elected to review the decision. The Board held another hearing, after which it entered a final decision increasing the disciplinary sanctions imposed on Farrar.

Farrar appealed that final administrative ruling to the superior court pursuant to OCGA § 50-13-19. Among the numerous grounds raised in his petition, Farrar challenged the sufficiency of the evidence supporting the Board's decision.[1] The trial court found the evidence sufficient and, after rejecting Farrar's other claims, affirmed the decision.

---

[1] Under OCGA § 50-13-19 (h) (5), the superior court may reverse or modify a final agency decision if it is "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record."

On appeal to this Court, Farrar again questions the sufficiency of the evidence, as well as the propriety of certain evidence entered during the administrative proceedings. He also asserts that the superior court improperly ruled when it did not have the entire administrative record before it. Specifically, he notes that the transcripts from the April 2, 2003 evidentiary hearing before the ALJ and the September 19, 2003 hearing before the Board do not appear in the record before the superior court.

Under OCGA § 50-13-19 (e), the administrative agency — here, the Board — is responsible for transmitting the entire record of the administrative proceeding to the superior court. Upon review of the record, however, we have been unable to locate the transcripts from the April 2003 hearing before the ALJ or the September 2003 proceeding before the full Board, and the Board has not cited any portion of the record that contains them. Furthermore, the superior court clerk's office has informed us that it does not have a copy of these transcripts.

In its brief, the Board asserts that the superior court had the transcripts in its possession before it ruled. And when Farrar asked the superior court to supplement the record with these transcripts, the court responded that the transcripts were already part of the record. But, as noted above, the transcripts do *not* appear in the record, and we do not know whether the superior court actually had the full administrative record before it when it ruled on Farrar's petition. Moreover, the transcripts are not available for our review. Although Farrar submitted them to us as appendixes to his appellate brief,

> we are bound by law to consider only that evidence which the trial court had before it and which was in the record before the trial court when it made its ruling; we are not authorized to receive or consider evidence which the record shows was not before the trial court, or evidence which by any procedural vehicle has been added to the record.[2]

Under these circumstances, we must conclude that the superior court improperly reviewed Farrar's petition without the entire record.[3] Accordingly, we vacate the judgment of the superior court and remand with direction that the superior court "issue such orders as necessary for it to obtain a complete and entire record of the evidence

---

[2] *Baez v. State*, 206 Ga. App. 522, 528 (2) (425 SE2d 885) (1992).

[3] See *Dept. of Natural Resources v. Wilmot*, 151 Ga. App. 324, 327 (2) (259 SE2d 715) (1979); see also OCGA § 50-13-19 (g) (generally, the superior court's review of administrative proceedings "shall be confined to the record").

and proceedings" before the ALJ and the Board.[4] After receipt of the entire record, the superior court is further directed to consider Farrar's petition anew.[5] The parties are reminded that any appeal from the superior court's ruling must be made pursuant to the discretionary appeal procedures.[6]

*Judgment vacated and case remanded with direction. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 16, 2006 —
RECONSIDERATIONS DENIED JULY 13, 2006 — 

*Lloyd J. Matthews, Joseph R. Baker*, for appellant.
*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, Janet B. Wray, Senior Assistant Attorney General, Dominick A. Crea, Ajay R. Gohil, Assistant Attorneys General*, for appellee.

---

[4] *Wilmot*, supra.
[5] See id.; *Judd v. Valdosta/Lowndes County Zoning Bd. of Appeals*, 147 Ga. App. 128, 130 (1) (b) (248 SE2d 196) (1978).
[6] See OCGA § 5-6-35; *Cooper v. Unified Govt. of Athens-Clarke County*, 275 Ga. 433, 435 (2) (569 SE2d 855) (2002).